## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| ALEXANDER E. JONES | § § | CASE NO. 22-33553 (CML) |
| Debtor. | § § § | |
| ------------------------------------------------------- | § | |
| NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, AND ESTATE OF MARCEL FONTAINE, | § § § § § | Adv. Proc. No. 23-3035 |
| Plaintiffs, | § § | |
| v. | § § | |
| ALEXANDER E. JONES | § § | |
| Defendant. | § § § | |

### DEFENDANT ALEXANDER E. JONES'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT

For his Original Answer and Defenses to the Complaint to Determine Dischargeability of Debt filed by Plaintiffs Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine ("Plaintiffs"), Defendant[1] Alexander E. Jones ("Jones") states as follows:

---

[1] Plaintiffs originally brought this adversary proceeding against Defendant Jones and Free Speech Systems, LLC ("FSS"). The same Plaintiffs brought an identical adversary proceeding against Defendant Jones and FSS in FSS's bankruptcy proceeding as well. *See Heslin v. Free Speech Systems, LLC* (*In re Free Speech Systems, LLC*), Case No. 22-60043, Adv. No. 23-3034 (Bankr. S.D. Tex.). Plaintiffs subsequently agreed to dismiss FSS without prejudice from this proceeding (Doc. 12), which the Court granted (Doc. 13). Thus, FSS is no longer a party to this adversary proceeding, but the Complaint was drafted when it was, and most of the allegations are addressed to both Jones and FSS as the "Debtors." Defendant Jones just wants to note this procedural history for the Court, as he is not responding on behalf of FSS in this pleading.

## PRELIMINARY STATEMENT

1.      Defendant admits that on December 14, 2012, Adam Lanza murdered twenty children and six educators at Sandy Hook Elementary School in Newtown, Connecticut. Defendant further admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quotes attributed to him and referenced in paragraph 1 of Plaintiffs' Complaint speak for themselves. Defendant denies the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.      Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Defendant admits that on February 14, 2018, Nikolas Cruz killed seventeen people and wounded seventeen others at Marjory Stoneman Douglas High School in Parkland, Florida. Defendant denies the remaining allegations in paragraph 3 of Plaintiffs' Complaint.

4.      Defendant admits that a default judgment was entered against him in the Pozner/De La Rosa Action[2] that prevented him from presenting the merits of his liability defense. Defendant further admits that a Texas jury awarded Neil Heslin and Scarlett Lewis $49.3 million in damages against Defendant. Defendant denies the remaining allegations in paragraph 4 of Plaintiffs' Complaint.

5.      Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 5 of Plaintiffs' Complaint, and therefore denies such allegations.

---

[2] Defined terms used, but not defined herein, have the meanings ascribed to them in Plaintiffs' Complaint (Doc. 1).

6.    Defendant admits that the Bankruptcy Code speaks for itself. Defendant denies the remaining allegations in paragraph 6 of Plaintiffs' Complaint.

## PARTIES

7.    Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 7 as they relate to Neil Heslin's residence, and therefore denies such allegations. Defendant admits the remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8.    Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 8 as they relate to Scarlett Lewis's residence, and therefore denies such allegations. Defendant admits the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.    Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 9 as they relate to Leonard Pozner's residence, and therefore denies such allegations. Defendant admits the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10.    Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 10 as they relate to Veronique De La Rosa's residence, and therefore denies such allegations. Defendant admits the remaining allegations in paragraph 10 of Plaintiffs' Complaint.

11.    Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 11 as they relate to Marcel Fontaine's residence before his death, and therefore denies such allegations. Defendant admits the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Defendant admits the allegations in paragraph 12 of Plaintiffs' Complaint.

13.     As noted above, FSS is no longer a Defendant in this action. Defendant's responses in this Answer are made only in his individual capacity and not for FSS.

## JURISDICTION AND VENUE

14.     Defendant admits the allegations in paragraph 14 of Plaintiffs' Complaint as they relate to Defendant Jones. As noted above, FSS is no longer a Defendant in this action.

15.     Defendant admits the allegations in paragraph 15 of Plaintiffs' Complaint.

## FACTUAL BACKGROUND

16.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 16, and therefore denies such allegations.

17.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 17, and therefore denies such allegations.

18.     Defendant admits the allegations in paragraph 18 of Plaintiffs' Complaint.

19.     Defendant admits the allegations in paragraph 19 of Plaintiffs' Complaint as they relate to the shootings that occurred at Sandy Hook Elementary School on December 14, 2012. Defendant further admits that the CT State's Attorney Final Report speaks for itself. Defendant denies the remaining allegations in paragraph 19 of Plaintiffs' Complaint.

20.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 20, and therefore denies such allegations.

21.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 21, and therefore denies such allegations.

22.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 22, and therefore denies such allegations. Defendant wants to

make clear that he has no reason to doubt or deny the unfathomable harm that Adam Lanza caused to Plaintiffs.

23.     Defendant admits that on December 14, 2012, Adam Lanza murdered twenty children and six educators at Sandy Hook Elementary School in Newtown, Connecticut. Defendant further admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 23 of Plaintiffs' Complaint.

24.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 25 of Plaintiffs' Complaint.

26.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 26 as they relate to the frequency at which Mr. Pozner listened to Defendant's broadcasts, and therefore denies such allegations. Defendant admits that the email referenced in paragraph 26 speaks for itself. Defendant denies the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant admits that the response from InfoWars' Chief Editor referenced in paragraph 27 of Plaintiffs' Complaint speak for itself. Defendant denies any insinuation that the comments made by the InfoWars' Chief Editor are in any way attributable to his own thought process. Defendant admits that he did sincerely question the official narrative surrounding the

Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies that he published the referenced article in paragraph 30 of Plaintiffs' Complaint. This allegation appears to be directed to FSS, which, as noted above, is no longer a party to this action. Defendant does not have sufficient information or knowledge to specifically admit or deny the remaining allegations in paragraph 30, and therefore denies such allegations.

31.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quote referenced in paragraph 31 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies that he published the referenced article in paragraph 32 of Plaintiffs' Complaint. This allegation appears to be directed to FSS, which, as noted above, is no longer a party to this action. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quote referenced in paragraph 32 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant admits that the public, mailing address of an organization associated with Mr. Pozner was shared during the course of his show. Defendant further admits that the quote referenced in paragraph 33 of Plaintiffs' Complaint speaks for itself. Defendant does not have sufficient information or knowledge to specifically admit or deny the remaining allegations in paragraph 33, and therefore denies such allegations.

34.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 34, and therefore denies such allegations.

35.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that reporters for InfoWars went to Newtown, Connecticut to report on the shooting. Defendant admits that the video referenced in paragraph 35 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the testimony attributed to him in paragraph 36 of Plaintiffs' Complaint speaks for itself. Plaintiff denies the remaining allegations in paragraph 36 of Plaintiffs' Complaint as they relate to Defendant Jones.

37.     Defendant admits that the text message referenced in paragraph 37 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant admits that the deposition testimony referenced in paragraph 38 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant admits that the quotes referenced in paragraph 39 of Plaintiffs' Complaint speak for themselves. Defendant denies the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

40.     Defendant admits that the quotes referenced in paragraph 40 of Plaintiffs' Complaint speak for themselves. Defendant denies the remaining allegations in paragraph 40 of Plaintiffs' Complaint.

41.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the episode referenced in paragraph 41 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the episode of *Sunday Night with Megyn Kelly*, which aired on June 19, 2017, speaks for itself. Defendant denies the remaining allegations in paragraph 42 of Plaintiffs' Complaint.

43.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the episode referenced in paragraph 43 of Plaintiff's Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 43 of Plaintiffs' Complaint.

44.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quotes referenced in paragraph 44 of Plaintiffs' Complaint speak for themselves. Defendant denies the remaining allegations in paragraph 44 of Plaintiffs' Complaint.

45.     Defendant admits that on February 14, 2018, Nikolas Cruz killed seventeen people and wounded seventeen others at Marjory Stoneman Douglas High School in Parkland, Florida. Defendant denies the remaining allegations in paragraph 45 of Plaintiffs' Complaint.

46.     The allegations contained in paragraph 46 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint as they relate to him.

47.     The allegations contained in paragraph 47 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint as they relate to him.

48.     Defendant admits that Marcel Fontaine was not the Parkland shooter. The allegations contained in paragraph 48 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint as they relate to him.

49.     The allegations contained in paragraph 49 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint as they relate to him.

50.     The allegations contained in paragraph 50 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint as they relate to him.

9

51.     The allegations contained in paragraph 51 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint as they relate to him.

52.     To the extent any allegations contained in paragraph 52 of Plaintiffs' Complaint are directed at FSS, not Defendant Jones, Mr. Jones is not required to respond. Defendant denies the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that he questioned the official narrative surrounding 9/11. Defendant further admits that the episodes of his show referenced in paragraph 53 of Plaintiffs' Complaint speak for themselves. Defendant further admits that his trial testimony referenced in paragraph 53 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 53 of Plaintiffs' Complaint.

54.     Defendant admits that he portrays communism as a real and imminent threat to the United States. Defendant further admits that the quote referenced in paragraph 54 speaks for itself. Defendant further admits that he sells various supplements as part of his business and that he believes those supplements are beneficial to his audience. Defendant denies the remaining allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.     Defendant admits that the quote referenced in paragraph 55 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 55 of Plaintiffs' Complaint.

56.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 56 of Plaintiffs' Complaint, and therefore denies such allegations.

57.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 57 of Plaintiffs' Complaint, and therefore denies such allegations.

58.     Defendant admits that Plaintiffs and others filed suit against him and FSS in 2018. Defendant denies the remaining allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Defendant admits the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     To the extent any allegations contained in paragraph 60 of Plaintiffs' Complaint are directed at FSS, not Defendant Jones, Mr. Jones is not required to respond. Defendant admits that the court in the Fontaine Action filed an Order on Plaintiff's Motion to Compel for Sanctions as referenced in paragraph 60 of Plaintiffs' Complaint and that such order speaks for itself. Defendant further admits that Mr. Fontaine died and that his estate is the party in interest in the Fontaine Action. Defendant denies the remaining allegations in paragraph 60 of Plaintiffs' Complaint.

61.     To the extent any allegations contained in paragraph 61 of Plaintiffs' Complaint are directed at FSS, not Defendant Jones, Mr. Jones is not required to respond. Defendant admits that the interrogatory responses referenced in paragraph 61 of Plaintiffs' Complaint speak for themselves. Defendant further admits that the appellate opinion quoted in paragraph 61 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 61 of Plaintiffs' Complaint.

62.     Defendant admits that Nikolas Cruz killed seventeen people at Marjory Stoneman Douglas High School and that Marcel Fontaine did not. Defendant denies the remaining allegations in paragraph 62 of Plaintiffs' Complaint.

63.     Plaintiff admits the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     Defendants admit that the court in the Heslin/Lewis Action entered a default judgment against him as to liability on the claims Heslin and Lewis brought against Defendant in the Heslin/Lewis Action and that the issue of liability was never actually litigated. Defendant further admits that the court orders referenced in paragraph 64 of Plaintiffs' Complaint (as well as the entire docket as a whole) speaks for itself. Defendant denies the remaining allegations in paragraph 64 of Plaintiffs' Complaint.

65.     Defendant denies the allegations in paragraph 65 of Plaintiffs' Complaint.

66.     Defendant admits that the InfoWars segments referenced in paragraph 66 of Plaintiffs' Complaint speak for themselves. Defendant further admits that the trial transcript quoted in paragraph 66 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 66 of Plaintiffs' Complaint.

67.     Defendant admits that there was a nine-day jury trial on damages in the Heslin/Lewis Action. Defendant further admits that the jury charges referenced in paragraph 67 of Plaintiffs' Complaint speak for themselves. Defendant further admits that the jury was instructed that Defendant was liable for defamation and that the issue of liability was never actually litigated to the jury. Defendant denies the remaining allegations in paragraph 67 of Plaintiffs' Complaint.

68.     Defendant admits that the jury was instructed that Defendant was liable for intentional infliction of emotional distress and that the issue of liability was never actually litigated to the jury. Defendant denies the remaining allegations in paragraph 68 of Plaintiffs' Complaint.

12

69.     Defendant admits that the jury awarded Mr. Heslin and Ms. Lewis $4 million in compensatory damages and $45 million in exemplary damages after they were instructed that Mr. Jones was liable for the conduct alleged against him. Defendant did not get the chance to defend himself as to liability during the Heslin/Lewis trial on damages, and thus, the issues of liability were never actually litigated.

70.     Defendant admits that Leonard Pozner and Veronique De La Rosa filed a lawsuit against Defendant and FSS on April 16, 2018, for defamation, conspiracy, and intentional infliction of emotional distress. Defendant further admits that the court entered a default judgment against Defendant as to liability. Defendant further admits that the court's order referenced in paragraph 70 of Plaintiffs' Complaint speaks for itself. Defendant denies that the default judgment in the Pozner/De La Rosa Action has any relevance in this case. The issues of liability were never actually litigated in the Pozner/De La Rosa Action and the allegations in the Pozner/De La Rosa Petition (referenced in paragraph 70 of Plaintiffs' Complaint) are not "established." Defendant denies the remaining allegations in paragraph 70 of Plaintiffs' Complaint.

71.     Defendant admits the Pozner/De La Rosa Action has not been tried to a jury. Defendant further admits that at one time the trial was scheduled for the summer of 2022. Defendant denies the remaining allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Defendant admits that the InfoWars Debtors (who were defendants in the Texas Actions) filed for bankruptcy on April 17, 2022. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 72 of Plaintiffs' Complaint that relate to the gunshots and yelling that Mr. Heslin heard. Defendant denies the remaining allegations in paragraph 72 of Plaintiffs' Complaint.

73.     Defendant admits that the court filings referenced in paragraph 73 of Plaintiffs' Complaint speak for themselves. Defendant further admits that the InfoWars Debtors dismissed their chapter 11 cases. Defendant denies the remaining allegations in paragraph 73 of Plaintiffs' Complaint.

74.     The allegations contained in paragraph 74 of Plaintiffs' Complaint appear to be directed at FSS, not Defendant Jones, and thus, Mr. Jones is not required to respond. Accordingly, Defendant denies the allegations contained in paragraph 74 of Plaintiffs' Complaint as they relate to him.

75.     Defendant admits that the episode of InfoWars referenced in paragraph 75 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76.      Defendant admits that the episode of InfoWars referenced in paragraph 76 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 76 of Plaintiffs' Complaint.

77.     Defendant admits that he filed for bankruptcy in his personal capacity in December 2022, which triggered, as all bankruptcies do, an automatic stay in the Pozner/De La Rosa Action. Defendant further admits that at one time, trial was set in the Pozner/De La Rosa Action for March 27, 2023. Defendant denies the remaining allegations in paragraph 77 of Plaintiffs' Complaint.

78.     Defendant denies the allegations in paragraph 78 of Plaintiffs' Complaint.

## CAUSES OF ACTION

79.     Defendant admits that 11 U.S.C. § 523(a)(6) speaks for itself. Plaintiff further admits that the Fifth Circuit case cited by Plaintiffs in paragraph 79 of their Complaint speaks for itself.

14

## COUNT ONE

**(Declaratory Judgment That The Heslin/Lewis Final Judgment Is Nondischargeable Under Section 523(a)(6))**

80.     Defendant incorporates the preceding paragraphs of this Answer as if fully set forth herein.

81.     The allegations in paragraph 81 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     The allegations in paragraph 82 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     The allegations in paragraph 83 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 83 of Plaintiffs' Complaint.

## COUNT TWO

**(Declaratory Judgment that Damages Arising Out Of The Pozner/De La Rosa Action Are Nondischargeable Under Section 523(a)(6))**

84.     Defendant incorporates the preceding paragraphs of this Answer as if fully set forth herein.

85.     The allegations in paragraph 85 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 85 of Plaintiffs' Complaint.

86.     The allegations in paragraph 86 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 86 of Plaintiffs' Complaint.

87.     The allegations in paragraph 87 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 87 of Plaintiffs' Complaint.

## COUNT THREE

### (Declaratory Judgment That Damages Arising Out Of The Fontaine Action Are Nondischargeable Under Section 523(a)(6))

88.     Defendant incorporates the preceding paragraphs of this Answer as if fully set forth herein.

89.     The allegations in paragraph 89 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 89 of Plaintiffs' Complaint.

90.     The allegations in paragraph 90 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.     With respect to Plaintiffs' prayer for relief, Defendant denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(b), Defendant asserts the following affirmative defenses. As discovery is still ongoing, Defendant specifically reserves any and all legal defenses and arguments that may be applicable.

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

16

2.      Plaintiffs have failed to plead or prove all required facts for each Plaintiff under § 523(a)(6).

3.      To the extent Plaintiffs' claims for nondischargeability are based on Defendant's alleged defamatory statements, such statements constituted Defendant's opinion.

4.      To the extent Plaintiffs' claims for nondischargeability are based on Defendant's alleged defamatory statements, those claims are barred by Texas Civil Practice & Remedies Code § 73.055.

5.      To the extent Plaintiffs' claims for nondischargeability are based on Defendant's alleged defamatory statements, Defendant is protected by the statutory qualified privilege in Texas Civil Practice & Remedies Code § 73.004(a).

6.      The judgments are unconstitutional.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Date: May 5, 2023.

Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

*/s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon Avenue, Suite 425
Dallas, TX 75201
Telephone: 737- 218-6187
dallaseservice@crowedunlevy.com

-AND-

J. Christopher Davis
Oklahoma Bar #16629 (admitted *pro hac vice*)
Deric J. McClellan
Oklahoma Bar # 32827 (admitted *pro hac vice*)
222 N. Detroit Ave., Suite 600
Tulsa, Oklahoma 74120
Telephone: 737- 218-6187
dallaseservice@crowedunlevy.com

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of May 2023, a true and correct copy of the foregoing pleading was served via the Court's ECF system to the parties registered to receive electronic notice and/or via electronic mail on the following:

Jennifer J. Hardy
**WILKIE FARR & GALLAGHER LLP**
600 Travis Street
Houston, Texas 77002
Telephone: 713-510-1700
Facsimile: 713-510-1799
Email: jhardy2@willkie.com

AND

Rachel C. Strickland
Stuart R. Lombardi
Ciara A. Sisco
**WILKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Facsimile: 212-728-8111
Email: rstrickland@willkie.com
slombardi@willkie.com
csisco@willkie.com
*Bankruptcy Co-Counsel to the Texas Plaintiffs*

Avi Moshenberg (Texas Bar No. 24083532)
**MCDOWELL HETHERINGTON LLP**
1001 Fannin Street
Suite 2700
Houston, Texas 77002
Telephone: 713-337-5580
Facsimile: 713-337-8850
Email: avi.moshenberg@mhllp.com

AND

Jarrod B. Martin
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**
1200 Smith Street
Suite 1400
Houston, Texas 77002
Telephone: 713-356-1280
Facsimile: 713-658-2553
Email: jarrod.martin@chamberlainlaw.com
*Bankruptcy Co-Counsel to the Texas Plaintiffs*

*/s/ Christina W. Stephenson*
Christina W. Stephenson