# Exhibit 7

# D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and SCARLETT LEWIS | § § | IN DISTRICT COURT OF |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES and FREE SPEECH SYSTEMS, LLC | § § | 261st DISTRICT COURT |

## FINAL JUDGMENT

On July 25, 2022, this case came before the Court for trial by jury.[1] Plaintiffs Neil Heslin and Scarlett Lewis appeared personally and through their attorney of record and announced ready for trial. Defendants Alex E. Jones and Free Speech Systems, LLC appeared personally and through their attorney of record and announced ready for trial. After a jury of twelve qualified jurors was duly selected, impaneled, and sworn to try the case, the jury heard the evidence and arguments of counsel. After the evidence was closed, the Court submitted this case to the jury. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record.

Based on the evidence presented during trial, the jury returned a verdict in favor of Plaintiffs and against Defendants. The questions submitted to the jury and

---

[1] Initially, this case was filed as three separate lawsuits by Plaintiffs, which were then consolidated. *See* Cause No.: D-1-GN-18-001835; *Neil Heslin v Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC and Owen Shroyer*; In the 261st Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-19-004651; *Neil Heslin v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 261st Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-18-006623; *Scarlett Lewis v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 98th Judicial District Court of Travis County, Texas.

the jury's findings are attached as Exhibits 1 and 2 and are incorporated by reference into this final judgment. The jury's findings, along with the Court's default judgment and resulting admissions, entitle Plaintiffs Neil Heslin and Scarlett Lewis to a judgment against Defendants Alex E. Jones and Free Speech Systems, LLC as set forth in their Fifth Amended Petition. Alternatively, to the extent that a necessary element of their recovery has been omitted, the Court implies a finding to support it.

It is therefore **ORDERED** that Plaintiffs Neil Heslin and Scarlett Lewis shall have and recover of, from, and against Defendants Alex E. Jones and Free Speech Systems, LLC the following:

1. the amounts of $26,810,000 to Plaintiff Neil Heslin and $22,500,000 to Plaintiff Scarlett Lewis; plus

2. Prejudgment interest at the annual rate of 5% from the day this case was filed by Plaintiffs until the day before the date of the judgment in the amounts of $323,150 to Plaintiff Neil Heslin and $284,250 to Plaintiff Scarlett Lewis; plus

3. Costs of court previously assessed by the Court in the amount of $126,523.80; plus

4. All other court costs shall be taxed against Defendants Alex E. Jones and Free Speech Systems, LLC.

It is further **ORDERED** that postjudgment interest shall accrue on the amount of $50,043,923.80 at the rate of 5%, compounded annually, from the date the judgment is signed until all amounts are paid in full.

It is further **ORDERED** that all writs and processes as may be necessary in the enforcement and collection of this judgment or the costs of court shall issue as necessary.

Of importance to the Court is that no party sought a judgment addressing the constitutionality, either in general or as specifically applied in this case, of the limitation on the amount of recovery prescribed by Tex. Civ. Prac. & Rem. Code 41.008(b). Instead, Plaintiff's Fifth Amended Petition includes a cause of action referenced in Tex. Civ. Prac. & Rem. Code 41.008(c), which exempts this judgment from the exemplary damages limitation. Upon taking office a Judge swears to uphold both the Constitution of Texas and the Constitution of the United States. I am withholding my own judgment on the question at this time, confident that should the Plaintiffs' Fifth Amended Petition be struck for some reason the constitutionality of Tex. Civ. Prac. & Rem. Code 41.008(b) at least in this case will be raised at that time.

This judgment finally disposes of all claims and all parties and is appealable.

Signed on January 12, 2023.

JUDGE PRESIDING
MAYA GUERRA GAMBLE

-3-