# Exhibit 34

D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS<br>　*Plaintiff* | §<br>§<br>§ | IN DISTRICT COURT OF |
| VS. | §<br>§ | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC,<br>AND FREE SPEECH SYSTEMS,<br>LLC,<br>　*Defendants* | §<br>§<br>§<br>§ | 459th DISTRICT COURT |

### PLAINTIFF'S MOTION FOR CONTEMPT UNDER RULE 215

Comes now, Plaintiff Scarlett Lewis, and files this Motion for Contempt Under Rule 215 showing the Court that Defendants continue to openly defy the Court's discovery orders after remand.

### BACKGROUND

**I.   Ms. Lewis' IIED Lawsuit.**

Scarlett Lewis and Neil Heslin are the parents of Sandy Hook victim Jesse Lewis. Mr. Heslin brought his lawsuit in April 2018, but by the time Ms. Lewis decided to retain counsel and join Mr. Heslin's lawsuit in October 2018, Mr. Heslin's lawsuit was already on appeal. As such, Ms. Lewis filed a separate IIED suit in the interim. Ms. Lewis' IIED suit seeks to address the emotional pain caused by InfoWars' 2017 videos about Jesse Lewis as well as "a continuous pattern of five years of intentional and reckless harassment accomplished through dozens of disturbing videos, a relentless stream of recklessly false articles published on InfoWars.com, harassing social media

1

content, as well as the encouragement, aid, and financial support to third-parties in furthering this harassment."[1]

## II. The Court's 2019 Discovery Orders.

As Ms. Lewis noted in her Petition, "[t]he cumulative quality and quantity of the harassment has been extreme and has shocked the nation."[2] The volume of discovery Ms. Lewis needed was staggering. InfoWars created approximately one hundred videos discussing Sandy Hook, but "[m]uch of that material has been removed from the public domain over the last few months and cannot be identified by date and title."[3] Ms. Lewis brought a motion for expedited discovery because it was "impossible for the Plaintiff to present the full scope of InfoWars' actions over the past five years without testimony and documents from the participants."[4] Judge Jenkins granted the motion and "entered orders in January and March directing Appellants to respond to Lewis's discovery requests." *Jones v. Lewis,* 03-19-00423-CV, 2019 WL 5090500, at *1 (Tex. App.—Austin Oct. 11, 2019, pet. denied).[5]

## III. InfoWars' Failure to Comply.

When the deadline arrived, Defendants did not respond. "Because Appellants did not timely respond, the district court held a hearing on a Motion for Sanctions on April 3." *Id.* Ms. Lewis' Motion for Sanctions showed that despite the Court's two

---

[1] Exhibit 1, *Lewis* First Amended Petition, para. 87.
[2] *Id,* para. 87.
[3] *Id.,* para. 80.
[4] *Id.*
[5] *See* Exhibit 2, January 25, 2019 *Lewis* Order; Exhibit 3, March 8, 2019 *Lewis* Order.

2

orders in January and March, InfoWars refused to provide any documents.[6] InfoWars also refused to provide its video broadcasts concerning Sandy Hook.[7] In addition, InfoWars made a mockery of its corporate representative deposition. Despite a court order setting forth topics, InfoWars presented a deponent who blankly answered "I don't know" to virtually every question and who admitted he had done nothing at all to prepare to testify for the company.[8]

A few days before the sanctions hearing, InfoWars provided a document dump filled with non-responsive documents and mass duplicates which had not been subject to any review.[9] InfoWars produced approximately 11,000 email and attachment files, but they were a mess of unrequested and unreviewed materials. Several thousand of the emails were rantings from a group of mentally unwell InfoWars fans who sent InfoWars messages containing the phrase "Sandy Hook." Yet thousands of the emails were simply unresponsive to any request, containing no possible relevant search terms.[10] It was obvious these documents had never been reviewed.

In addition, InfoWars flooded Ms. Lewis with thousands of non-responsive emails based on search terms Ms. Lewis never requested. InfoWars produced thousands of pages of emails the company had been sent containing the term "crisis

---

[6] Exhibit 4, Scarlett Lewis' March 21, 2019 Motion for Sanctions, p. 3.
[7] *Id.*, p. 5-6.
[8] *Id.*, p. 7-12.
[9] Exhibit 5, Scarlett Lewis' April 2, 2019 Reply in Support of her Motion for Sanctions, p. 3-7.
[10] *Id.,* p. 5.

3

actor," which was not part of the discovery requests.[11] Few of those documents even related Sandy Hook. Likewise, InfoWars provided thousands of emails which include the word "Newtown."[12] Ms. Lewis never requested this term, and a large percentage of these emails were totally irrelevant, as they do not even refer to Newtown, Connecticut. Puzzlingly, the collection of documents contained few documents created by InfoWars itself. In the following months, it was revealed that InfoWars withheld tens of thousands of responsive emails.[13] Yet at the time, the situation was an impenetrable mess.

## IV.     Hearing on Motion for Sanctions.

At the hearing on Ms. Lewis' sanctions motion, Judge Jenkins found the document situation "disturbing" and "very disconcerting,"[14] in addition to "the failure of the defendants to present an InfoWars corporate representative who has a clue about InfoWars as a corporation."[15] InfoWars' counsel, unable to justify his client's actions, offered to withdraw the TCPA motion except one issue:

> We're willing to, solely for the purposes of this motion, withdraw our part of the motion that deals with their prima facie proof and say for the purpose of this motion only we stipulate that the intent aspect is met, that the actual -- we're not disputing actual malice or intent; we'll only dispute whether or not someone can bring an

---

[11] *Id.,* p. 4.
[12] *Id.*
[13] *See* Neil Heslin's June 28, 2021 Supplemental Brief in Support of Default Sanctions, p. 18-19 (Quoting testimony of Defendants' employees in *Lafferty* that InfoWars possesses 80,000 emails containing the phrase "Sandy Hook," and that "defendants expect similar volumes on searches for other terms that plaintiff's discovery requests have described.").
[14] Exhibit 6, April 3, 2019 Transcript in *Lewis v. Jones,* p. 4-5
[15] *Id.* at p. 30.

4

intentional infliction of emotional distress claim when they have never been individually identified by any statement.[16]

Defendants' counsel sought to avoid contempt for failing to respond at that time by agreeing that Plaintiff would not "even need to put on any affidavits or anything on the hearing on May 2nd."[17] Based on this offer, Plaintiff's counsel agreed that a "component of my sanctions motions can go" and that Plaintiff would forego her request "striking the [TCPA] motion."[18] Defendants' counsel also agreed to pay attorney's fees of $8,100.[19] Judge Jenkins denied the TCPA motion, and Defendants appealed.

In the following months, Defendants were sanctioned three additional times for refusing to comply with discovery orders in the Sandy Hook cases. *See Lafferty v. Jones*, 336 Conn. 332, 338 (2020), cert. denied, 2021 WL 1240941 (U.S. Apr. 5, 2021) (Noting "the trial court found that the defendants had violated numerous discovery orders."); *Jones v. Heslin,* 2020 WL 1452025, at *1 (Tex. App.—Austin Mar. 25, 2020, pet. denied) (Noting "the unchallenged contempt sanctions."); *Jones v. Heslin,* 2020 WL 4742834, at *2 (Tex. App.—Austin Aug. 14, 2020, pet. denied). (Noting "[t]he district court granted the motion for sanctions" and held Defendants in "contempt of court."). Following the appeals, mandate was issued on June 4, 2021.

---

[16] *Id.* at p. 6.
[17] *Id.* at p. 8.
[18] *Id.* at p. 39-40.
[19] *Id.* at p. 51.

## V. Failure to Respond Since 2021 Remand.

By surrendering any factual arguments in its TCPA motion, InfoWars gained a temporary reprieve for its lack of compliance. Yet the Court's discovery orders remained in effect. In the month that has passed since the remand of this case, InfoWars has not taken any steps to comply with the discovery orders, and despite its counsel's explicit promises in 2019, it has not any taken any steps to comply with the Court's other discovery orders in the *Heslin* case, nor has it taken any steps to respond to long-overdue discovery requests in the *Pozner* case. Even after a series of escalating sanctions, Defendants continue to show conscious indifference to their discovery obligations.

## ARGUMENT

## I. This Court Should Assess Sanctions for Contempt.

"An order of the court must be obeyed until it has been modified or successfully challenged, and the consequences for noncompliance may be severe indeed." *Lafferty v. Jones,* 336 Conn. 332, 381, 246 A.3d 429, 461 (2020), cert. denied, 20-1135, 2021 WL 1240941 (U.S. Apr. 5, 2021), quoting *Fox* v. *First Bank*, 198 Conn. 34, 40 n.3, 501 A.2d 747 (1985). This principle is crucial to control over court proceedings. Indeed, "a party has a duty to obey a court order even if the order is later held to have been unwarranted." *Id.,* quoting *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.*, 230 Conn. 641, 658 n.20, 646 A.2d 133 (1994). As shown below, the record is clear that Defendants were fully aware of their obligation to comply with the discovery order.

## II. Defendants Understood the Obligation to Comply with the Court's Discovery Orders.

Defendants' counsel previously assured Judge Jenkins that they understood their obligation to comply with his discovery orders independent of the TCPA ruling. In a hearing on December 18, 2019 denying Defendants' TCPA motion in Mr. Heslin's IIED claim, Defendants' counsel promised he would be "providing additional videos, documents, and information they're seeking" and that he "fully intend[ed] to do so."[20] Defendants' counsel agreed that his clients needed "to continue to comply with the order."[21] Defendants' counsel stated, "I am certainly going to comply with that 100 percent, stay or no stay, moving forward, absolutely."[22] Judge Jenkins held off ruling on default sanctions during that hearing so that "the trial judge who's going to try the case" can determine "just how quickly [Defendants] do that and how compliant [they] are with the order before we make potentially outcome determinative decisions."[23] Though Defendants promised to respond – even during the stay – Defendants did nothing to comply with the Court's order in the IIED case or any other case.

A few weeks prior to remand in this case on June 4, 2021, Defendants were also reminded by the Connecticut *Lafferty* court that "[t]he obligation of the defendants to fully and fairly comply with the discovery requests at issue was not extinguished by the fact that the defendants have been precluded from pursuing special motions to

---

[20] Exhibit 7, December 18, 2019 Transcript in *Heslin,* p. 80-81.
[21] *Id.*
[22] *Id.*
[23] *Id.*

7

dismiss."[24] The *Lafferty* court also reminded Defendants that emails from their own counsel acknowledged their obligation to comply with the court's expedited discovery order despite the resolution of their anti-SLAPP motion.[25] In short, Defendants have no excuse for continuing to ignore this Court's discovery order upon remand in this case. Yet that is exactly what happened.

### III.     Defendants Ignored the Discovery Order Upon Remand.

Following remand, a month passed in which nothing occurred. Just as they did following the 2019 remand, Defendants took no steps to comply with the Court's orders. Finally, on July 2, 2021, Plaintiffs' counsel wrote to Defendants' counsel expressing Plaintiffs' intention to seek contempt sanctions for Defendants' continued failure to comply with the Court's discovery orders in *Heslin* and *Lewis*. Defendants' counsel responded by stating that he needed Plaintiff's counsel to send him the discovery requests in *Heslin* and *Lewis* because "one of the things I am indeed trying to get a hold of is where discovery stands."[26] In other words, even though a month had passed since remand while Defendants remained in serial contempt, their attorney did not even know what discovery was due. Ironically, the discovery requests are contained in this Court's discovery orders in *Heslin* and *Lewis.* This means that Defendants' counsel had not even reviewed the Court's orders.

---

[24] Exhibit 8, May 14, 2021 Order in *Lafferty*, p. 1.
[25] Exhibit 9, June 2, 2021 Order in Lafferty, p. 1.
[26] Exhibit 10, July 2, 2021 Email from Defendants' counsel.

8

Defendants' current counsel has been in the case for six months and also represented Defendants during their appeal at the Texas Supreme Court. Nonetheless, he claimed ignorance and said he was "playing major catch-up."[27] Counsel's failure to understand the discovery situation, or to even recognize what discovery is overdue or what the Court's orders contain, is further evidence of Defendants' conscious disregard. The fact that Defendant's counsel has been in these cases for six months and took no affirmative steps to address (or even understand) the discovery situation demonstrates Defendants' callous indifference to these proceedings and a failure to understand the gravity of the repeated sanctions and admonishments from the Court.

Defendants' counsel openly admitted he had not undertaken efforts to address the discovery situation, stating that "discovery is one of the things I have to tackle and get taken care of one way or the other."[28] Counsel also acknowledged that his clients were required to comply with the Court's discovery orders. Cryptically, he stated, "I intend on doing whatever I can to ensure compliance with discovery orders and requests *to the extent I am able to do so*."[29] In any case, Defendants have entirely ignored those obligations to date.

---

[27] *Id.*
[28] *Id.*
[29] *Id.* (emphasis added).

9

## IV. While Ignoring his Discovery Obligations, Mr. Jones' Obsession with the Idea of Democratic Party "Show Trials" Continues.

Although Defendants have not taken any actions in this Court since remand or responded to their discovery obligations, they have been occupied by other gambits. For example, on July 1, 2021, Defendants filed a motion in Connecticut "compelling the testimony and production of documents from Hillary Clinton."[30]

Defendants' motion asserts that "this suit was filed six years after the shootings at Sandy Hook as part of a vendetta inspired, orchestrated and directed in whole or in part by Hillary Clinton as part of a vendetta to silence Alex Jones after Ms. Clinton lost the presidential race to Donald J. Trump."[31] In short, Mr. Jones' litigation conduct remains as ludicrously detached from reality as his internet show. Given that the Texas lawsuits were filed first, InfoWars' latest motion means InfoWars also contends that Hillary Clinton is orchestrating and directing Plaintiff's counsel in this case.

As noted in Mr. Heslin's Supplemental Brief in Support of his Motion for Default Sanctions, part of the reason Mr. Jones has continually defied judicial authority is that he has become obsessed with the idea that these lawsuits are a conspiracy by the Democratic Party, and that the lawsuits are actually "show trials." For example, in an InfoWars episode entitled "Alex Jones and Lawyer Respond to Sandy Hook Show Trials," Mr. Jones appeared with his lawyer to discuss how the lawsuits were controlled by a shadowy group of Democratic officials.

---

[30] Exhibit 11, *Lafferty* Motion for Commission to Out of State Deposition of Hillary Clinton, p. 1.
[31] *Id.,* p. 2.

10



Mr. Heslin's supplemental brief discussed Mr. Jones' description of Judge Jenkins as a "hoodwinked" "mainline liberal" who was being "manipulated" in a situation that was "villainous and transparent."[32] Mr. Jones told his audience these lawsuits are "the Democratic party versus Alex Jones. Versus America."[33] Similarly, during Mr. Jones' 20-minute tirade following the discovery of child pornography in his discovery files, Mr. Jones railed against an alleged Democratic Party conspiracy using typically unhinged PizzaGate / QAnon allegations. *See, e.g., Lafferty*, 336 Conn. at 342-46 ("What a nice group of Democrats. How surprising. What nice people … I'm done. Total war. You want it? You got it. I'm not into kids like your Democratic party, you cocksuckers … They literally went right in there and found this hidden stuff…I am sure that [the United States] attorneys appointed by Obama are sweet little cupcakes. Come on…I literally would never have sex with children. I don't like having sex with

---

[32] *See* Heslin Supplemental Brief in Support of Default Sanctions, p. 52-53.
[33] *Id.*

children. I would never have sex with children. I am not a Democrat. I am not a liberal. I do not cut children's genitals off like the left does."). At the conclusion of his November 2019 deposition, just prior to being sanctioned a fourth time, Mr. Jones closed by glibly exclaiming: "Let's just say time is running out for the establishment. Epstein didn't kill himself."[34] Now, despite all the events of the past three years, and despite all the court sanctions, Mr. Jones is still more interested in his own paranoid fantasies than he is in complying with this Court's orders.

## CONCLUSION

Mr. Jones' conscious indifference to his obligations in this case continue unabated. Plaintiff moves the Court to assess sanctions for contempt.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

_____
MARK D. BANKSTON
State Bar No. 24071066
WILLIAM R. OGDEN
State Bar No. 24073531
1117 Herkimer
Houston, Texas 77008
713.221.8300 Telephone
713.221.8301 Fax

---

[34] Exhibit 12, November 26, 2019 Deposition of Alex Jones, p. 154.

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred with opposing counsel about this Motion, and they are opposed.

_____
MARK D. BANKSTON

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2021 the forgoing document was served upon all counsel of record via electronic service.

_____
MARK D. BANKSTON

# EXHIBIT LIST

### (Exhibits withheld due to space constraints but available upon request)

**Exhibit 1:** *Lewis* First Amended Petition

**Exhibit 2:** January 25, 2019 *Lewis* Order

**Exhibit 3:** March 8, 2019 *Lewis* Order

**Exhibit 4**: Scarlett Lewis' March 21, 2019 Motion for Sanctions

**Exhibit 5**: Scarlett Lewis' April 2, 2019 Reply in Support of her Motion for Sanctions

**Exhibit 6**: April 3, 2019 Transcript in *Lewis v. Jones*

**Exhibit 7**: December 18, 2019 Transcript in *Heslin*

**Exhibit 8**: May 14, 2021 Order in *Lafferty*

**Exhibit 9**: June 2, 2021 Order in *Lafferty*

**Exhibit 10**: July 2, 2021 Email from Defendants' counsel

**Exhibit 11**: *Lafferty* Motion for Commission to Out of State Deposition of Hillary Clinton

**Exhibit 12**: November 26, 2019 Deposition of Alex Jones