# Exhibit 38

Filed in The District Court
of Travis County, Texas

DEC 20 2019   **JG**

At _____ 4:41 _____ M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-19-004651

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, and | § | |
| FREE SPEECH SYSTEMS, LLC, | § | 261st DISTRICT COURT |
| *Defendants* | § | |

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AND DEFENDANTS' MOTION TO DISMISS UNDER THE TCPA

On December 18, 2019, the Court heard *Plaintiff's Motion for Sanctions and Motion for Default Judgment* (Motion for Sanctions) and *Defendants' Motion to Dismiss under the Texas Citizens Participation Act* (TCPA Motion). After hearing the arguments of counsel and considering the record, the Court finds that the Motion for Sanctions should be granted and the TCPA Motion should be denied.

It is hereby ORDERED that pursuant to Rule 215.2(b)(3), the matters regarding which the expedited discovery order dated October 18, 2019 was made (Plaintiff's burdens in responding to Defendants' TCPA Motion) shall be taken to be established in favor of Plaintiff for the purposes of the TCPA Motion.

It is further ORDERED that pursuant to Rule 215.2(b)(8), the Court must require Defendants to pay the reasonable expenses, including attorney fees, caused by the failure to obey the October 18 order because the Court does not find that the failure was substantially justified or that other circumstances make an award of expenses unjust. The Court orders costs and expenses of $65,825 to be paid by Defendants, to be taxed as costs of court. This amount represents the fees detailed in Mark Bankston's December 9 declaration, minus fees

1

related to the deposition of Paul Watson and fees related to Plaintiff's discovery motion. The discovery motion fees are already being awarded in a companion *Order Denying Defendants' Rule 91a Motion to Dismiss.*

It is further ORDERED that pursuant to Rule 215.2(b)(6), Defendants' failure to produce a corporate representative who was prepared to testify about a) sourcing and research for the videos described in Plaintiff's petition and b) internal editorial discussions regarding Free Speech System, LLC's coverage of the Sandy Hook Elementary School shooting should be treated as contempt of court. Defendants have been continuously represented in this case by competent Texas counsel. The same counsel who represented Defendants at the October 17 hearing regarding *Plaintiff's Motion for Expedited Discovery in Aid of Plaintiff's Response to Defendants' TCPA Motion* are representing Defendants now, with one additional attorney recently appearing. Surely this Court can assume that Defendants' counsel fulfilled their professional obligation to insure that Defendants understood this Court's October 18 order. And the order itself is clear and unmistakable, easily understood by any competent reader. On the record presented, the Court concludes that Defendants intentionally disregarded the October 18 order. The Court notes that a client's refusal to cooperate with an attorney may rise to good cause for the attorney's withdrawal under Texas Disciplinary Rule of Professional Conduct 1.15(b). Defendants are hereby ORDERED to pay a fine of $500, the maximum fine allowed under Government Code 21.002(b).

All additional remedies available pursuant to Rule 215.2(b), up to and including a default judgment against Defendants on liability, are taken under advisement and may be reconsidered by the Court after remand following the anticipated interlocutory appeal of the denial of the TCPA Motion. Defendants represented at the December 18 hearing that they

2

would continue to supplement discovery to belatedly comply with the October 18 order. The amount of supplemental discovery is a factor that will be considered if the Motion for Sanctions is reconsidered on remand.

It is further ORDERED that Defendants' TCPA Motion is in all respects DENIED.

It is further ORDERED that even without taking Plaintiff's burdens in responding to Defendants' TCPA Motion to be established in favor of Plaintiff pursuant to TRCP 215.2(b)(3), Defendants' TCPA Motion must nevertheless be, and is, DENIED.

So ORDERED _December 20_____, 20_19_.


_____
Scott Jenkins
Travis County District Judge