# Exhibit 39

## D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 459th DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

---

## PLAINTIFF'S SECOND MOTION FOR CONTEMPT UNDER RULE 215

---

Comes now, Plaintiff Neil Heslin, and files this Second Motion for Contempt Under Rule 215 showing the Court that Defendants continue to openly defy the Court's discovery order after remand despite a prior contempt sanction.

### BACKGROUND

### I.    Mr. Heslin's Defamation Lawsuit.

On April 16, 2018, Neil Heslin sued Alex Jones, Mr. Jones' companies, and one of his co-anchors, Owen Shroyer. The Court of Appeals summarized Mr. Heslin's defamation claim:

> Neil Heslin's son, Jesse, was killed in the Sandy Hook Elementary School shooting in December 2012. In June 2017, Heslin participated in a television interview during which he responded to claims by Jones that the shooting at Sandy Hook was "a giant hoax." Shortly thereafter, Appellants aired broadcasts disputing Heslin's account of how he lost his son. In response, Heslin sued Appellants for defamation and defamation per se related to Appellants' statements disputing Heslin's claim that he held his deceased son in his arms.

1

*Jones v. Heslin,* 03-19-00811-CV, 2020 WL 1452025, at *1 (Tex. App.-Austin, 2020, pet. denied).

## II.    Judge Jenkins' 2018 Discovery Order.

Shortly after being sued, InfoWars filed a TCPA motion. Judge Jenkins decided to "grant limited discovery relevant to the motion to dismiss." *Id.* at *1. On August 31, 2018, InfoWars was ordered to respond to court-approved discovery requests and appear for depositions.[1] However, InfoWars refused to respond. "Because [InfoWars] did not respond to any discovery requests, Heslin filed a motion for contempt, seeking sanctions under Rule 215." *Id.* "The day Heslin filed his contempt motion, [InfoWars] filed a notice of appeal, asserting that their TCPA motion had been dismissed by operation of law." *Id.*

## III.    The 2019 Appeal and Remand of Mr. Heslin's Defamation Claim.

During the time Mr. Heslin's defamation claim was on appeal through most of 2019, InfoWars violated similar discovery orders in the *Lewis* case in this Court and the *Lafferty* case pending in Connecticut. *See Jones v. Lewis,* 03-19-00423-CV, 2019 WL 5090500, at *1 (Tex. App.—Austin Oct. 11, 2019, pet. denied); *Lafferty v. Jones*, 336 Conn. 332, 338 (2020), cert. denied, 2021 WL 1240941 (U.S. Apr. 5, 2021). Shortly after InfoWars' discovery obstruction in those cases, Mr. Heslin's defamation claim returned from the Third Court of Appeals, who had "dismissed that premature

---

[1] Exhibit 1, August 31, 2018 Discovery Order.

appeal for want of jurisdiction." *Jones v. Heslin,* 2020 WL 1452025 at *1. As noted above, InfoWars' appeal had been filed following a motion for contempt. For nearly after month after remand in September 2019, InfoWars remained in violation of the Court's discovery order and did not respond.

## IV.    The 2019 Hearing on Motion for Contempt.

In an oral hearing in October 2019, Judge Jenkins questioned Defendants' counsel about their refusal to comply:

> THE COURT:      But the record on the motion for contempt filed October 1st of last year was that I signed the order on August 31st --
>
> MR. BURNETT:    That's correct.
>
> THE COURT:      -- ordering discovery.
>
> MR. BURNETT:    Right.
>
> THE COURT:      And the defendant simply --
>
> MR. BURNETT:    Objected.
>
> THE COURT:      -- wouldn't provide the discovery --
>
> MR. BURNETT:    Because they were --
>
> THE COURT:      -- and as of October 1st still hadn't provided the discovery and that that resistance -- and it's reargued now, as though we were arguing it November 1st of last year, or whenever it would have been, you know, sometime after the

October 1st filing, and the discovery is still
not provided.[2]

Judge Jenkins lamented that "we got the discovery ordered, you wouldn't give the discovery, and now we're down here on contempt at the last minute."[3]   In response, InfoWars' counsel tried to blame the lack of compliance on the appeal:

| | |
|---|---|
| MR. BURNETT: | Let me explain. Of course there's not going to be any discovery while the case is on appeal. Mr. Enoch had to file the notice of appeal. It stays – |
| THE COURT: | I'm not talking about appeal. |
| MR. BURNETT: | Okay. |
| THE COURT: | I'm talking about for more than a month before Mr. Enoch appealed it and once it was remanded. |
| MR. BURNETT: | Okay. |
| THE COURT: | And to this day, instead of providing any discovery, you just basically fell on your sword…[4] |

InfoWars' counsel in the 2019 *Heslin* hearing next tried to excuse his clients' failure to respond by arguing that after the appeal was remanded, Plaintiff never re-requested that discovery be provided:

| | |
|---|---|
| MR. BURNETT: | There was no communication like, hey, you're not doing the discovery we need, whatever. And, of course, when you do the notice of appeal, it stops everything. And then in the last 30 something days, I've |

---

[2] Exhibit 2, October 3, 2019 Transcript in *Heslin*, p. 52-53.
[3] *Id.,* p. 53.
[4] *Id,* p. 53-54.

> had zero communication from counsel on
> the other side about wanting depositions,
> answers to discovery, nothing at all.[5]

In response, Judge Jenkins stated, "[t]hat's okay," because the court's order "was in effect and came back to life as soon as the Court of Appeals sent this case back to us."[6] For that reason, Judge Jenkins noted it was InfoWars' responsibility "to go ahead and give discovery," not the plaintiff to remind them.[7] When Judge Jenkins asked what InfoWars had done to comply, InfoWars' counsel responded:

| | |
|---|---|
| MR. BURNETT: | Candidly, nothing, because I didn't know they were waiting on any discovery in that matter. And if you look at the -- |
| THE COURT: | Written discovery? The requests for production? Interrogatories? Any of that? You didn't think they were waiting for that? |
| MR. BURNETT: | I honestly didn't, Judge.[8] |

InfoWars' counsel claimed, "I had no idea this discovery was outstanding."[9] Counsel argued that "if they needed it, why have they not done anything in the last 30 something days?"[10] None of those excuses mattered. In the 2019 *Heslin* hearing, Judge Jenkins granted the motion for contempt and assessed sanctions of $25,875, while also finding that Plaintiff's burdens under the TCPA would be taken as established.[11]

---

[5] *Id.,* p. 54-55.
[6] *Id.,* p. 55.
[7] *Id.*
[8] *Id.*
[9] *Id.,* p. 55-56.
[10] *Id.,* p. 58.
[11] Exhibit 3, October 18, 2019 Order in *Heslin,* p. 2.

## V.     InfoWars' Second Appeal in 2020.

At the start of 2020, InfoWars initiated a second appeal based on the Court's denial of its TCPA motion. InfoWars did not challenge the Court's August 31, 2018 discovery order, nor did it challenge the Court's October 18, 2019 contempt order. Instead, as the Court of Appeals noted when issuing sanctions, InfoWars filed a brief "address[ing] every element of Heslin's burdens as if the discovery misconduct never happened." *Heslin*, 2020 WL 1452025 at *6. The Court noted that "Appellants' brief seeks to relitigate issues resolved by the district court that remain unchallenged on appeal, such as Heslin's burden to establish a prima facie case for defamation." *Id.* In addition, InfoWars failed to disclose that "Appellants stipulated to the truth of the facts contained in Heslin's pleadings," nor did it disclose that "Appellants incurred a discovery sanction ordering Heslin's burdens in responding to Defendants' TCPA Motion established in Heslin's favor." *Id.* The Court also found that InfoWars "presented arguments that lacked legal merit, including those based on caselaw that had been identified as outdated in another case they cited," and that InfoWars "lacked reasonable grounds to believe the judgment could be reversed." *Id.* The Court of Appeals assessed $22,250 in sanctions against InfoWars for its frivolous appeal.

## VI.    Failure to Respond Since 2021 Remand.

Following an unsuccessful petition to the Texas Supreme Court, the judgment of the Court of Appeals became final by a mandate issued on June 4, 2021. Since that time, Defendants have not taken any steps to comply with the Court's August 31, 2018

discovery order. Just as they did when they were first held in contempt in 2019, Defendants have returned from appeal and ignored the discovery order for over a month.

## ARGUMENT

### I.    This Court Should Assess Sanctions for Contempt.

"An order of the court must be obeyed until it has been modified or successfully challenged, and the consequences for noncompliance may be severe indeed." *Lafferty v. Jones,* 336 Conn. 332, 381, 246 A.3d 429, 461 (2020), cert. denied, 20-1135, 2021 WL 1240941 (U.S. Apr. 5, 2021), quoting *Fox* v. *First Bank*, 198 Conn. 34, 40 n.3, 501 A.2d 747 (1985). This principle is crucial to control over court proceedings. Indeed, "a party has a duty to obey a court order even if the order is later held to have been unwarranted." *Id.,* quoting *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.*, 230 Conn. 641, 658 n.20, 646 A.2d 133 (1994). As shown below, the record is clear that Defendants were fully aware of their obligation to comply with the discovery order.

### II.    Defendants Understood the Obligation to Comply with the Court's Discovery Orders.

Defendants' counsel previously assured Judge Jenkins that Defendants understood their obligation to comply with his discovery orders independent of the TCPA ruling. In a hearing on December 18, 2019 denying Defendants' TCPA motion in Mr. Heslin's IIED claim, Defendants' counsel promised he would be "providing additional videos, documents, and information they're seeking" and that he "fully

intend[ed] to do so."[12] Defendants' counsel agreed that his clients needed "to continue to comply with the order."[13] Defendants' counsel stated, "I am certainly going to comply with that 100 percent, stay or no stay, moving forward, absolutely."[14] Judge Jenkins held off ruling on default sanctions during that hearing so that "the trial judge who's going to try the case" can determine "just how quickly [Defendants] do that and how compliant [they] are with the order before we make potentially outcome determinative decisions."[15] Though Defendants promised to respond – even during the stay – Defendants did nothing to comply with the Court's order in the IIED case or any other case.

A few weeks prior to remand in this case on June 4, 2021, Defendants were also reminded by the Connecticut *Lafferty* court that "[t]he obligation of the defendants to fully and fairly comply with the discovery requests at issue was not extinguished by the fact that the defendants have been precluded from pursuing special motions to dismiss."[16] The *Lafferty* court also reminded Defendants that emails from their own counsel acknowledged their obligation to comply with the court's expedited discovery order despite the resolution of their anti-SLAPP motion.[17] In short, Defendants have no excuse for continuing to ignore this Court's discovery order upon remand in this case. Yet that is exactly what happened.

---

[12] Exhibit 7, December 18, 2019 Transcript in *Heslin,* p. 80-81.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Exhibit 4, May 14, 2021 Order in *Lafferty,* p. 1.
[17] Exhibit 5, June 2, 2021 Order in Lafferty, p. 1.

### III.     Defendants Ignored the Discovery Order Upon Remand.

Following remand, a month passed in which nothing occurred. Just as they did following the 2019 remand, Defendants took no steps to comply with the August 31, 2018 order. Finally, on July 2, 2021, Plaintiffs' counsel wrote to Defendants' counsel expressing Plaintiffs' intention to seek contempt sanctions for Defendants' continued failure to comply with the Court's discovery orders in *Heslin* and *Lewis*. Defendants' counsel responded by stating that he needed Plaintiff's counsel to send him the discovery requests in *Heslin* and *Lewis* because "one of the things I am indeed trying to get a hold of is where discovery stands."[18] In other words, even though a month had passed since remand while Defendants remained in contempt, their attorney did not even know what discovery was due. Ironically, the discovery requests are contained in this Court's discovery orders in *Heslin* and *Lewis.* This means that Defendants' counsel had not even reviewed the Court's orders.

Defendants' current counsel has been in the case for six months and also represented Defendants during their appeal at the Texas Supreme Court. Nonetheless, he claimed ignorance and said he was "playing major catch-up."[19] Counsel's failure to understand the discovery situation, or to even recognize what discovery is overdue or what the Court's orders contain, is further evidence of Defendants' conscious disregard. The fact that Defendant's counsel has been in these

---

[18] Exhibit 10, July 2, 2021 Email from Defendants' counsel.
[19] *Id.*

cases for six months and took no affirmative steps to address (or even understand) the discovery situation demonstrates Defendants' callous indifference to these proceedings and a failure to understand the gravity of the Court's repeated sanctions.

Defendants' counsel admitted he had not undertaken efforts to address the discovery situation, stating that "discovery is one of the things I have to tackle and get taken care of one way or the other."[20] Counsel also acknowledged that his clients were required to comply with the Court's discovery orders. Cryptically, he stated, "I intend on doing whatever I can to ensure compliance with discovery orders and requests *to the extent I am able to do so*."[21] In any case, Defendants have entirely ignored the Court's discovery order to date.

## IV. While Ignoring his Discovery Obligations, Mr. Jones' Obsession with the Idea of Democratic Party "Show Trials" Continues.

Although Defendants have not taken any actions in this Court since remand or responded to their discovery obligations, they have been occupied by other gambits. For example, on July 1, 2021, Defendants filed a motion in Connecticut "compelling the testimony and production of documents from Hillary Clinton."[22]

Defendants' motion asserts that "this suit was filed six years after the shootings at Sandy Hook as part of a vendetta inspired, orchestrated and directed in whole or in part by Hillary Clinton as part of a vendetta to silence Alex Jones after Ms. Clinton

---

[20] *Id.*
[21] *Id.* (emphasis added).
[22] Exhibit 8, *Lafferty* Motion for Commission to Out of State Deposition of Hillary Clinton, p. 1.

lost the presidential race to Donald J. Trump."[23] In short, Mr. Jones' litigation conduct remains as ludicrously detached from reality as his internet show. Given that the Texas lawsuits were filed first, InfoWars' latest motion means InfoWars also contends that Hillary Clinton is orchestrating and directing Plaintiff's counsel in this case.

As noted in Mr. Heslin's Supplemental Brief in Support of his Motion for Default Sanctions, part of the reason Mr. Jones has continually defied judicial authority is that he has become obsessed with the idea that these lawsuits are a conspiracy by the Democratic Party, and that the lawsuits are actually "show trials." For example, in an InfoWars episode entitled "Alex Jones and Lawyer Respond to Sandy Hook Show Trials," Mr. Jones appeared with his lawyer to discuss how the lawsuits were controlled by a shadowy group of Democratic officials.



Mr. Heslin's supplemental brief discussed Mr. Jones' description of Judge Jenkins as a "hoodwinked" "mainline liberal" who was being "manipulated" in a situation that was "villainous and transparent."[24] Mr. Jones told his audience these

---

[23] *Id.,* p. 2.
[24] *See* Heslin Supplemental Brief in Support of Default Sanctions, p. 52-53.

lawsuits are "the Democratic party versus Alex Jones. Versus America."[25] Similarly, during Mr. Jones' 20-minute tirade following the discovery of child pornography in his discovery files, Mr. Jones railed against an alleged Democratic Party conspiracy using typically unhinged PizzaGate / QAnon allegations. *See, e.g., Lafferty*, 336 Conn. at 342-46 ("What a nice group of Democrats. How surprising. What nice people ... I'm done. Total war. You want it? You got it. I'm not into kids like your Democratic party, you cocksuckers ... They literally went right in there and found this hidden stuff...I am sure that [the United States] attorneys appointed by Obama are sweet little cupcakes. Come on...I literally would never have sex with children. I don't like having sex with children. I would never have sex with children. I am not a Democrat. I am not a liberal. I do not cut children's genitals off like the left does."). At the conclusion of his November 2019 deposition, just prior to being sanctioned a fourth time, Mr. Jones closed by glibly exclaiming: "Let's just say time is running out for the establishment. Epstein didn't kill himself."[26] Now, despite all the events of the past three years, and despite all the court sanctions, Mr. Jones is still more interested in his own paranoid fantasies than he is in complying with this Court's orders.

## CONCLUSION

Mr. Jones' conscious indifference to his obligations in this case continue unabated. Plaintiff again moves the Court to enter sanctions for contempt.

---

[25] *Id.*

[26] Exhibit 9, November 26, 2019 Deposition of Alex Jones, p. 154.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

_____
MARK D. BANKSTON
State Bar No. 24071066
WILLIAM R. OGDEN
State Bar No. 24073531
1117 Herkimer
Houston, Texas 77008
713.221.8300 Telephone
713.221.8301 Fax

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with opposing counsel about this Motion, and they are opposed.

_____

MARK D. BANKSTON

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2021, the forgoing document was served upon all counsel of record via electronic service.


                                    _____
                                      MARK D. BANKSTON

## EXHIBIT LIST

**(Exhibits withheld due to space constraints but available upon request)**

**Exhibit 1:** August 31, 2018 Discovery Order

**Exhibit 2:** October 3, 2019 Transcript in *Heslin*

**Exhibit 3:** October 18, 2019 Order in *Heslin*

**Exhibit 4:** May 14, 2021 Order in *Lafferty*

**Exhibit 5:** June 2, 2021 Order in *Lafferty*

**Exhibit 6:** June 2, 2021 Supplement to Objection to Emergency Motion in *Lafferty*

**Exhibit 7:** December 18, 2019 Transcript in *Heslin*

**Exhibit 8:** *Lafferty* Motion for Commission to Out of State Deposition of Hillary Clinton

**Exhibit 9:** November 26, 2019 Deposition of Alex Jones

**Exhibit 10:** July 2, 2021 Email from Defendants' counsel