# Exhibit 40

7/27/2021 8:26 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001842
Irene Silva

D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND<br>VERONIQUE DE LA ROSA<br>　*Plaintiffs* | §<br>§<br>§<br>§ | IN DISTRICT COURT OF |
| VS. | §<br>§ | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC,<br>AND FREE SPEECH SYSTEMS, LLC,<br>　*Defendants* | §<br>§<br>§ | 459th DISTRICT COURT |

**PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR SANCTIONS**

Comes now Plaintiffs Leonard Pozner and Veronique De La Rosa, and file this Motion to Compel and Motion for Sanctions.

## INTRODUCTION

Yet another sanctions motion has become necessary because Defendants, despite a long history in this Court of failing to provide discovery, have once again failed to provide discovery. After repeatedly incurring sanctions for failing to respond in every other Sandy Hook case, and after making false promises to correct the situation during the appeal, Defendants have continued to ignore discovery, now refusing to provide responses in the *Pozner* case.

Even after Defendants ignored the *Pozner* discovery for an entire month following remand in June, Plaintiffs extended an additional grace period, but Defendants still refuse to provide responses after yet another month. Defendants will not even respond to Plaintiffs' inquiries to indicate when discovery might be

1

provided. In short, Defendants have disregarded their discovery obligations, just as they have every single time when faced with those obligations since 2018.

## FACTUAL BACKGROUND

1. On May 29, 2018, Plaintiffs served written discovery on Defendant Free Speech Systems, LLC.[1] Those responses were due 30 days after service. However, after 28 days, Defendants filed a TCPA Motion, creating a discovery stay. After that motion was denied, the case was appealed.

2. As the Court is aware from other briefing, Defendants spent the following year successively violating numerous discovery orders in this Court and the Superior Court of Connecticut in the other Sandy Hook lawsuits.

3. At the end of that year, during the December 18, 2019 hearing on Neil Heslin's Motion for Default Sanctions, Defendants' counsel stated the discovery situation would be immediately corrected and begged the Court to postpone ruling on default sanctions pending those efforts.[2]

4. Over the next year and a half, Defendants made no efforts whatsoever to address the discovery situation. Defendants were also sanctioned again by the Court of Appeals for frivolous litigation.

5. The cases were remanded back to this Court on June 4, 2021, and the discovery stay has long since ended. However, Defendants have taken no action to

---

[1] Exhibit 1, Plaintiffs' Discovery Requests.
[2] Exhibit 2, December 18, 2019 Transcript in *Heslin v. Jones,* p. 80-81.

2

address the discovery situation, just as they did when they were sanctioned in the *Heslin* defamation case for failing to answer discovery after remand in the summer of 2019.

6. On July 2, 2021, Plaintiffs' counsel wrote to the Defendants inquiring about the overdue responses.[3] At that time, Plaintiffs' counsel noted that a month had passed since remand, but Defendants had not taken any action to correct discovery matters on any of the cases.

7. With regard to the *Pozner* case, Plaintiffs' counsel stated, "Rule 215 authorizes us to seek sanctions now, but we are offering you an additional 14 days to voluntarily provide responses."[4] Plaintiffs' counsel further stated, "If you do so, we waive seeking any Rule 215 sanctions based on their timeliness." Plaintiffs' counsel offered this extension because the discovery at issue in *Pozner* was not court-ordered, unlike the *Lewis* and *Heslin* cases. However, Plaintiffs' counsel stated that if Defendants "do not agree to provide responses without objections within 14 days, we will be moving to compel and seeking sanctions."[5]

8. In response, Defendants' counsel claimed that he was still "playing major catch-up" and did not have "a hold of where discovery stands with everything,"[6] despite first appearing in these cases in February 2021. Defendants' counsel asked Plaintiffs' counsel to provide "copies of the discovery requests you say have not been

---

[3] Ex 3, July 2, 2021 email discussion with Defendants' counsel.
[4] *Id.*
[5] *Id.*
[6] *Id.*

3

responded to."[7] Defendants' counsel stated he would "forward your email to my clients," but he did not say if or when responses might be provided.[8]

9. At that time, on July 2, 2021, Plaintiffs' counsel provided another copy of the *Pozner* discovery requests.[9]

10. A week later, on July 9, 2021, this Court held a status conference hearing. During that hearing, Plaintiffs' counsel again reminded Defendants that discovery responses were overdue in the *Pozner* matter, and that Plaintiffs had received no word from Defendants about when those responses might be provided. Plaintiffs' counsel also advised the Court that he suspected Defendants would soon be filing a Motion to Withdraw Deemed Admissions with its responses.

11. In the week following the hearing, Defendants continued to ignore the situation. Defendants did not provide responses, nor did they advise Plaintiffs when those responses might be provided. At the end of the week, on July 16, 2021, the 14-day grace period extended by the Plaintiffs expired with no action from Defendants.

12. However, Plaintiffs chose not to file this Motion on July 16th. Instead, Plaintiffs decided to wait to see if responses were provided, but Defendants continued to do nothing. Now, on July 27th, nearly a month has passed since Plaintiffs wrote to Defendants inquiring about the already-overdue responses.

---

[7] *Id.*
[8] *Id.*
[9] *Id.*

4

13. Given the conscious indifference shown by Defendants, Plaintiffs now move for sanctions and an order compelling production.

## ARGUMENT

### I. Defendants' Refusal to Timely Respond Justifies Sanctions.

"[I]f a party fails to serve answers or objections" to written discovery, the requesting party can "apply for sanctions." Tex. R. Civ. P. 215.1(b). The requesting party can also seek "an order compelling discovery." *Id.* If the motion is granted, the Court shall award "the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Tex. R. Civ. P. 215.1(d). Furthermore, "[i]f a party...fails to comply with proper discovery requests..., the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just," including any of the available sanctions under the Rule. Tex. R. Civ. P. 215.2(b).

Here in the *Pozner* case, despite an astonishing history of non-compliance, Defendants once again failed to comply with discovery. Even after appeals and promises to correct the situation, Defendants have ignored their obligations after the 2021 remand for nearly two months. Even after being given an extended grace period by the Plaintiffs, Defendants did not provide the discovery or even respond to Plaintiffs' inquiries to indicate when responses would be provided. These actions demonstrate Defendants' conscious indifference to its obligations.

## CONCLUSION

Plaintiffs asks the Court to enter sanctions against the Defendants for discovery abuse, enter an order compelling production, assess costs against Defendants for the expense of this unnecessary motion, and take whatever additional steps the Court believes necessary to address Defendants continuing conscious disregard of its obligations.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

_____
MARK D. BANKSTON
State Bar No. 24071066
WILLIAM R. OGDEN
State Bar No. 24073531
1117 Herkimer
Houston, Texas 77008
713.221.8300 Telephone
713.221.8301 Fax

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred with opposing counsel about this Motion, and they are opposed.

_____
MARK D. BANKSTON

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 27, 2021, the forgoing document was served upon all counsel of record via electronic service.

_____
MARK D. BANKSTON

# **EXHIBIT LIST**

**(Exhibits withheld due to space constraints but available upon request)**

**Exhibit 1**: Plaintiffs' Discovery Requests

**Exhibit 2**: December 18, 2019 Transcript in *Heslin v. Jones*

**Exhibit 3**: July 2, 2021 email discussion with Defendants' counsel