# Exhibit 42

Filed in The District Court
of Travis County, Texas

AR  SEP 27 2021
At  3:30 P.M.
Velva L. Price, District Clerk

D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS<br>*Plaintiff* | §<br>§<br>§ | IN DISTRICT COURT OF |
| VS. | §<br>§ | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC,<br>AND FREE SPEECH SYSTEMS,<br>LLC,<br>*Defendants* | §<br>§<br>§<br>§ | 459th DISTRICT COURT |

## ORDER ON PLAINTIFF'S MOTION FOR CONTEMPT

On this day, the Court considered Plaintiff's Motion for Contempt. The Court finds that the motion should be granted.

### BACKGROUND

On January 25, 2019, this Court ordered Defendants to respond to court-approved discovery requests by February 25, 2019 and appear for depositions by March 25, 2019. Defendants refused to provide any documents, citing the reporter's privilege. In an order on March 8, 2019, this Court ordered Defendants to immediately produce all responsive documents. Thereafter, Defendants failed to produce any documents or prepare their corporate representative for deposition. After Defendants failed to comply with the discovery order, Plaintiff brought a motion for sanctions. A few days prior to the sanctions hearing on April 3, 2019, Defendants provided a set of documents. However, Defendants' counsel admitted at the hearing that the documents were incomplete and not sufficient. Defendants' counsel agreed

1

to pay $8,100 in attorney's fees and abandoned Defendants' TCPA arguments except for a sole legal issue to avoid being sanctioned at that time.

Defendants then unsuccessfully appealed the Court's denial on the TCPA motion. Following remand on June 4, 2021, Defendants took no action to comply with the January 25 discovery order, or any of the Court's other discovery orders, for over a month. Plaintiff then filed her Motion for Contempt under Rule 215 on July 6, 2021. Even after that motion was filed, Defendants continued to withhold discovery through July and August.

On August 26, 2021, a few days before the hearing on this matter, Defendants provided some additional documents to Ms. Lewis, but it is clear these documents do not satisfy Defendants' outstanding obligations. In addition, Defendants did not provide any supplemental discovery responses, nor did Defendants make efforts for a corporate representative deposition to cure their non-appearance. Nor have the Defendants fully and fairly responded to the discovery requests at issue.

## FINDINGS

This Court finds that Defendants have intentionally disobeyed the Court's order. The Court also finds that Defendants' failure to comply with the discovery order in this case is greatly aggravated by Defendants' consistent pattern of discovery abuse throughout the other similar cases pending before this Court. Defendants violated this Court's discovery orders in *Heslin v. Jones, et al.* (D-1-GN-18-001835) and

*Heslin v. Jones, et al.*[1] (D-1-GN-18-004651), both of which are related cases involving Defendants' publications about the Sandy Hook Elementary School shooting. Defendants also failed to timely answer discovery in *Pozner v. Jones, et al.* (D-1-GN-18-001842), another Sandy Hook lawsuit, as well as *Fontaine v. InfoWars, LLC, et al.* (D-1-GN-18-1605), a similar lawsuit involving Defendants' publications about the Stoneman Douglas High School shooting. The Court also notes that Defendants have repeatedly violated discovery orders in *Lafferty v. Jones,* a similar lawsuit brought by a different set of Sandy Hook parents in the Superior Court of Connecticut. The Court finds that Defendants' discovery conduct in this case is the result of flagrant bad faith and callous disregard for the responsibilities of discovery under the rules.

It is clear to the Court that discovery misconduct is properly attributable to the client and not the attorney, especially since Defendants have been represented by seven attorneys over the course of the suit. Regardless of the attorney, Defendants' discovery abuse remained consistent.

It is accordingly ORDERED that sanctions be assessed Defendants, including the following remedies allowed under Rule 215:

( )   an order disallowing any further discovery of any kind by the Defendants.

( )   an order charging all of the expenses of discovery or taxable court costs against the Defendants;

---

[1] Subsequently consolidated with D-1-GN-18-001835.

( )   an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; to wit:

_____

_____

_____.

( )   an order refusing to allow the Defendants to support or oppose designated claims or defenses, or prohibiting them from introducing designated matters in evidence; to wit: _____

_____

_____.

(X)   a judgment by default against the Defendants, as this Court has considered lesser sanctions and determined they would be inadequate to cure the violation in light of the history of Defendants' conduct *in this Court*. In reaching its decision, this Court has considered lesser remedies before imposing sanctions that preclude Defendants' ability to present the merits of their liability defense. However, the Court has more than a sufficient record to conclude that an escalating series of judicial admonishments, monetary penalties, and non-dispositive sanctions have all been ineffective at deterring the abuse. This Court rejects lesser sanctions because they have proven ineffective when previously ordered. They would also benefit Defendants and increase the costs to Plaintiffs, and they would not adequately serve

4

to correct the Defendants' persistent discovery abuses. Furthermore, in considering whether lesser remedies would be effective, this Court has also considered Defendants' general bad faith approach to litigation, Mr. Jones' public threats, and Mr. Jones' professed belief that these proceedings are "show trials."

It is further ORDERED that Defendants shall pay reasonable attorney's fees in connection with Plaintiff's Motion. Plaintiff shall submit evidence regarding the reasonable value of the time expended by her attorneys related to her Motion.

Dated *September 27*, 2021.

_____
Hon. Maya Guerra Gamble