IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 (CML) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| -------------------------------------------------------- | § | |
| NEIL HESLIN, SCARLETT LEWIS, | § | |
| LEONARD POZNER, VERONIQUE DE | § | Adv. Proc. No. 23-3035 |
| LA ROSA, AND ESTATE OF MARCEL | § | |
| FONTAINE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ALEXANDER E. JONES, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO MOVANTS'
STATEMENT OF UNCONTESTED MATERIAL FACTS AND SUMMARY
JUDGMENT EVIDENCE**

Defendant Alexander E. Jones ("Defendant") submits this Objections and Responses to Movants' Statement of Undisputed Material Facts and Evidence of Summary Judgment in opposition to Movants'[1] Statement of Uncontested Material Facts in Support of Plaintiffs Heslin, Lewis, Pozner, and De La Rosa's Motion for Summary Judgment (Doc. 28). Defendant incorporates by reference herein Objections to Movants' Summary Judgment Evidence attached

---

[1] Plaintiffs Neil Heslin, Scarlett Lewis, Leonard Pozner, and Veronique De La Rosa are collectively referred herein as "Movants."

as <u>Exhibit 1</u>, and the Declaration of Alexander E. Jones in Support of his Objections and Responses to Plaintiffs' Motions for Summary Judgement (the "<u>Jones Decl.</u>").

Movants' statement of undisputed material facts (the "<u>Statement</u>") consists solely of allegations from pleadings, courts orders, and untested exhibits and witness statements. These are often edited and presented without context. That said, the issue here will turn on whether Movants are entitled to summary judgment as a matter of law, rather than factual disputes over what the record says. The record speaks for itself.

## STATEMENT 1

It is undisputed that children were murdered on December 14, 2012 at Sandy Hook Elementary School. It is further undisputed that Movants sued Defendant in Texas state court, that a default judgment was entered against Defendant on liability, and that a jury entered a verdict against him for money damages. Movants' characterization of Defendant's discussion of the Sandy Hook Shooting is disputed. Movants have attached videos of Defendant discussing the Sandy Hook Shooting to their Motion, and those videos speak for themselves. Defendant will provide a discussion of those videos in his response to the Statements below.

## STATEMENT 2

Defendant disputes that he claimed that the Sandy Hook school shooting was undoubtedly a hoax on the day it happened. The video attached by Movants speaks for itself. (*See* Doc. 29-9). The video shows Defendant warning that the government was capable of staging a mass shooting, but he never stated one way or the other whether he believed the shooting was fake. Defendant further disputes that the state court records establish that Defendant lied about the shooting. Defendant never said something on air that he did not believe to be true. Jones Decl. at ¶ 17,

attached to Defendant's Objection and Response to Movants' Motion for Summary Judgment as Exhibit 1.

**STATEMENTS 3-5**

It is undisputed that Defendant broadcast the videos mentioned in Statements 3-5 on the dates listed. It is further undisputed that Defendant said the quote attributed to him in Statement 5. Defendant disputes the remaining statements in Statements 3-5. In regard to Movant De La Rosa's interview with Anderson Cooper, Doc. 29-12 speaks for itself. In that video, Defendant was confused by the interview because it appeared that Anderson Cooper was standing in front of a blue screen when talking to Movant De La Rosa. Any insinuation that Defendant was lying in any of the referenced broadcasts is also disputed. Defendant never said something on air that he did not believe to be true. Jones Decl. at ¶ 17.

Finally, Defendant objects to the use of Doc. 29-10. It is an Affidavit from Leonard Pozner from the state-court action. It is unclear for what purpose the affidavit was used. In his Response in Opposition to Movants' Motion for Summary Judgment, Defendant argues that the Court should not take all the allegations in the Movants' state-court petitions as true. But even if the Court disagrees with that contention, it certainly should not take as true an affidavit from the prior proceeding with no indication of where it came from or what it was attached to.

**STATEMENT 6**

It is undisputed that Movant Leonard Pozner sent an email to writers@infowars.com. The content of the email speaks for itself. It is further undisputed that Paul Watson replied to Movant Pozner, and the content of his email similarly speaks for itself. These emails are immaterial to whether Movants are entitled to judgment as a matter of law.

Case 23-03035   Document 33   Filed in TXSB on 06/13/23   Page 4 of 13

**STATEMENTS 7-8**

It is undisputed that Defendant broadcasted the videos mentioned in Statements 7-8 on the dates listed. It is further undisputed that the videos referenced speak for themselves. Any insinuation that Defendant was lying in any of the referenced broadcasts is disputed. Defendant never said something on air that he did not believe to be true. Jones Decl. at ¶ 17. Any insinuation that Paul Watson speaks for Defendant is also disputed. Defendant further disputes that he published any articles referenced in Statements 7-8. Over 99% of the content on the InfoWars website is not written by Defendant. He writes certain headlines and comments that are specifically attributed to him. He rarely edits or posts videos to InfoWars' website—less than 20 per year. His position at InfoWars is not as an editor and he does not maintain control of the editorial systems at FSS. *Id*. at ¶ 5.

**STATEMENT 9**

It is undisputed that Movant Pozner made complaints to YouTube about Defendant's broadcasts. Defendant disputes that he published the article referenced. *Id*. It is further disputed that Defendant was lying in any of the referenced broadcasts. Defendant never said something on air that he did not believe to be true. *Id*.

**STATEMENT 10**

It is undisputed that Defendant said the quote attributed to him in Statement 10. Any insinuation that Defendant was lying in the referenced broadcast is disputed. Defendant never said something on air that he did not believe to be true. *Id*.

**STATEMENT 11**

It is undisputed that Defendant broadcast the videos mentioned in Statement 11 on the dates listed. It is further undisputed that Defendant said the quote attributed to him in Statement 11. The

DEFENDANT'S OBJECTIONS AND RESPONSES TO MOVANTS' STATEMENT OF UNCONTESTED
MATERIAL FACTS AND SUMMARY JUDGMENT EVIDENCE - PAGE 4

videos speak for themselves. Defendant disputes that he attacked Noah Pozner in the referenced broadcast. Any insinuation that Defendant was lying in the referenced broadcasts is disputed. Defendant never said something on air that he did not believe to be true. *Id*.

## STATEMENT 12

It is undisputed that Defendant broadcast the videos mentioned in Statement 12 on the dates listed. It is further undisputed that Defendant said the quote attributed to him in Statement 12. Defendant disputes that broadcast Mr. Pozner's personal information. The video speaks for itself. Moreover, Defendant renews his objection to the Pozner Affidavit (Doc. 29-10) from Statement 6 above.

## STATEMENT 13

The documents referenced in Statement 13 speak for themselves. Defendant disputes that his broadcasts played a role in the harassment of Movants. To the extent Statement #13 relies on the Pozner Affidavit (Doc. 29-10), Defendant objects to its use in accordance with his objection above.

## STATEMENT 14

It is undisputed InfoWars reporters went to Sandy Hook in June 2015. It is further undisputed that the video referenced speaks for itself. Defendant disputes that such reporters speak for him.

## STATEMENT 15

It is undisputed that Defendant said the quote attributed to him in Statement 15. The video speaks for itself. Any insinuation that Defendant was lying in the referenced broadcast is disputed. Defendant never said something on air that he did not believe to be true. Jones Decl. at ¶ 17.

**STATEMENT 16**

The video referenced in Statement 16 does not list the date of broadcast. Thus, Defendant disputes the date listed in Statement 16. Defendant also disputes that he told his audience in this video not to believe anything about the Sandy Hook Shooting. In context, he was pontificating on government secrecy, and he asked a rhetorical question:

> If these are known liars that lied about WMDs, and lied to get us into all these wars, and backed the Arab Spring in Libya, and Syria, and Egypt, and everywhere else to overthrow governments and put in radical Islamists—if they'd do that, and have blood on their hands, and lied about the Iraq War, and were for the sanctions that killed a half million kids, and let the Islamists attack Serbia, and lied about Serbia launching the attack, when it all came out that Serbia didn't do it, how could you **believe any of it**.

(Doc. 29-24, 30:15 – 30:44 (emphasis added)).

To the extent Statement 13 relies on the Pozner Affidavit (Doc. 29-10), Defendant objects to its use in accordance with his objection above.

**STATEMENT 17**

It is undisputed that the Megyn Kelly episode referenced in Statement 17 speaks for itself. The quotes referenced from Doc. 29-26 are not from Defendant. A different individual is broadcasting in the video labeled Exhibit 26. It is undisputed that Defendant said the quote attributed to him from Exhibit 27, (Doc. 29-27). In the full interview, Defendant states that he is sure it is all real but mentions that, in his opinion, there were anomalies in the evidence. Any insinuation that Defendant was lying in the referenced broadcast is disputed. Defendant never said something on air that he did not believe to be true. Jones Decl. at ¶ 17.

**STATEMENT 18**

It is undisputed that Defendant said the quotes attributed to him in Statement 18. In context, the video referenced in Statement 18 show that Defendant is referring to his perceived anomalies

surrounding the shooting, not that the shooting never occurred. Defendant disputes that he lied in the referenced broadcast. Defendant never said something on air that he did not believe to be true. *Id*.

## STATEMENT 19

It is undisputed that the trial transcript referenced in Statement 19 speaks for itself. It is disputed that Defendant is the sole reason that millions of Americans believe that the Sandy Hook Shooting never happened. Any insinuation that Defendant lied about Sandy Hook is disputed. Defendant never said something on air that he did not believe to be true. *Id*.

## STATEMENT 20

Disputed. Jones Decl. at ¶¶ 11-17. The person quoted in Statement 20 is not Defendant and does not speak for him.

## STATEMENT 21

It is undisputed that Defendant realized that the Sandy Hook shooting probably did happen in July 2015. Jones Decl. at ¶ 14. It is undisputed that Mr. Watson emailed Defendant on December 17, 2015, which included the quoted language in Statement 21. Defendant disputes that this email in any way shows that he was lying about Sandy Hook. The video also contradicts Statement 22, which claims that Sandy Hook was good for business. According to Mr. Watson's email, Sandy Hook was bad for business, but Defendant kept discussing it because he truly believed what he was saying. *Id*. at ¶ 17.

## Statement 22

Defendant disputes that Sandy Hook was good for business. Movants do not cite to any evidence that supports that contention. It is undisputed that the quotes from the Declaration of Marc Schwartz speak for themselves. It is undisputed that Defendant is extremely skeptical of the

government and the official narrative from the mainstream media. Accordingly, Sandy Hook is not the only mass shooting or terrorist attack that he believed to be a false flag. As with Sandy Hook, Defendant truly believes what he says. *Id*. at ¶ 17.

## STATEMENT 23

Defendant disputes that any of the individuals referenced in Statement 23 speak for him or share his views. Defendant does not require the people who work for him to agree with everything he says. The email from Buckley Hamman speaks for itself. Having said that, it is unclear what Mr. Hamman is trying to say in that email. The quoted language attributed to Defendant from the referenced broadcast in Statement 23 is undisputed. In context, the video referenced in Statement 18 show that Defendant is referring to his perceived anomalies surrounding the shooting, not that the shooting never occurred. Defendant disputes that he lied in the referenced broadcast. Defendant never said something on air that he did not believe to be true. *Id*.  at ¶ 17.

## STATEMENT 24

It is undisputed that the trial testimony speaks for itself. Defendant disputes that any of the harassment Movants received is attributable to Defendant. Movants do not cite any evidence of Defendant directing anyone to harass Movants—because there is none.

## STATEMENT 25

It is undisputed that Movants and other individuals sued Defendant in 2018.

## STATEMENTS 26-38

It is undisputed that the Texas court entered a default judgment against Defendant and in favor of Movants based on a finding of discovery violations and further struck Defendant's affirmative defenses in both the Heslin/Lewis Action and the Pozner/De La Rosa Action. Anything beyond that, including Movants' editorializing and choice snippets from orders, is immaterial to

the 11 U.S.C. § 523(a)(6) collateral-estoppel issue and will not meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law. The orders speak for themselves. Moreover, the discovery abuses that led to the default judgments were almost entirely committed by FSS, and InfoWars, co-defendants of Defendant in the state court actions. Defendant will discuss this further in his own additional facts and his argument section, but essentially Defendant was defaulted on liability and was not allowed to defend himself based on the actions of his co-defendants rather than his own.

**STATEMENTS 39-40**

It is undisputed that the Texas court entered an order on sanctions related to damages. Anything beyond that, including Movants' editorializing and choice snippets from orders, is immaterial to the 11 U.S.C. § 523(a)(6) collateral-estoppel issue and will not meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law. The orders speak for themselves.

**STATEMENTS 41-44**

It is undisputed that Defendant was precluded from contesting any facts related to liability at the damages portion of the trial. The orders and transcripts speak for themselves.

**STATEMENT 45**

It is undisputed that the jury was instructed pursuant to Docs. 29-5, 29-6. It is undisputed that the jury awarded Heslin and Lewis damages and that Docs. 29-5, 29-6, and 29-7 speak for themselves.

**STATEMENT 46**

Defendant disputes that the referenced document in Statement 46, (Doc. 29-7), which is the state court's final judgment, makes any finding that Defendant violated the Texas Penal Code

or did so "knowingly or intentionally." The words "knowingly or intentionally" are not in the

judgment, and no code of the Texas Penal Code is cited in the judgment.

Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

*/s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon Avenue, Suite 425
Dallas, TX 75201
Telephone: 737- 218-6187
dallaseservice@crowedunlevy.com

-AND-

J. Christopher Davis
Oklahoma Bar #16629 (admitted *pro hac vice*)
Deric J. McClellan
Oklahoma Bar # 32827 (admitted *pro hac vice*)
222 N. Detroit Ave., Suite 600
Tulsa, Oklahoma 74120
Telephone: 737- 218-6187
dallaseservice@crowedunlevy.com

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June 2023, a true and correct copy of the foregoing was served via electronic service on the following:

Jennifer J. Hardy
600 Travis Street
Houston, Texas 77002
Telephone: 713-510-1700
Facsimile: 713-510-1799
Email: jhardy2@willkie.com

AND

Rachel C. Strickland
Stuart R. Lombardi
Ciara A. Sisco
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Facsimile: 212-728-8111
Email: rstrickland@willkie.com
slombardi@willkie.com
csisco@willkie.com
*Bankruptcy Co-Counsel to the Texas Plaintiffs*

Avi Moshenberg (Texas Bar No. 24083532)
**MCDOWELL HETHERINGTON LLP**
1001 Fannin Street
Suite 2700
Houston, Texas 77002
Telephone: 713-337-5580
Facsimile: 713-337-8850
Email: avi.moshenberg@mhllp.com

AND

Jarrod B. Martin
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**
1200 Smith Street
Suite 1400
Houston, Texas 77002
Telephone: 713-356-1280
Facsimile: 713-658-2553
Email: jarrod.martin@chamberlainlaw.com
*Bankruptcy Co-Counsel to the Texas Plaintiffs*


*/s/ Vickie L. Driver*
Vickie L. Driver

# EXHIBIT 1

### OBJECTIONS TO MOVANTS' SUMMARY JUDGMENT EVIDENCE

| Exhibit(s) | Document(s) | Objection(s) | Fed. R. Evid.[2] |
|---|---|---|---|
| 1-2, 11, 29, 33, 35-36, 46 | Transcripts and transcript excerpts from hearing/trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 |
| 9, 12, 14, 15, 17, 19-26, 28 | Video exhibits from the Heslin/Lewis Trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 |
| 3-8, 32, 34, 37-40, 41-45 | Pleadings, motions, orders, and other filings from the Pozner/De La Rosa/Heslin/Lewis Actions | Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 401, 403, 801, 901 |
| 10, 13, 16, 18, 27, 30-31 | Affidavits and other print exhibits used during the Heslin/Lewis Trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 |

---

[2] The Federal Rules of Evidence ("FRE") cites are listed in a corresponding order with respect to the objections.