# EXHIBIT 1

## RESPONSES TO DEFENDANT'S OBJECTIONS TO MOVANTS' SUMMARY JUDGMENT EVIDENCE

| Exhibit(s) | Document(s) | Objections | Fed. R. Evid. | Responses |
|---|---|---|---|---|
| 1-2, 11, 29, 33, 35-36, 46 | Transcripts and transcript excerpts from hearing/trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 | **Completeness**: Materials were excerpted due to size constraints and were made available at the request of opposing counsel. Defendant had an opportunity to submit the entire trial court record or additional excerpts, but chose not to. **Relevance**: The documents are state court records from the lawsuits that establish the debt at issue and form the basis for the Motion. **Probative Value**: Probative value is not "substantially outweighed" by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Jones repeatedly admits that the state court record speaks for itself. The evidence demonstrates which issues were litigated and determined in the underlying state court actions. Any prejudice is not unfair, but rather is the result of Jones's own actions. **Hearsay**: Jones's statements at trial and hearings in the state court actions are admissions by party opponent, and thus admissible under FRE 801(d). All transcribed statements (including Jones's) are admissible under the residual exception in FRE 807, in that those statements are "supported by sufficient guarantees of trustworthiness" (they are testimony under oath or statements by court or counsel in official transcripts) and are "more probative on the point for which [they are] offered than any other evidence" (the court transcripts are the best evidence of what happened in court). In any event, the statements in the transcripts are offered to prove which issues were fully and fairly litigated in the underlying court action, need not be considered for the truth of the matter asserted, and thus are not |

| | | | | |
|---|---|---|---|---|
| | | | | hearsay as defined in FRE 801(c).<br>**Lacks Foundation**: Foundation was laid in the Declaration of Stuart Lombardi. Jones admits that the trial transcripts speak for themselves. Jones's Response at ¶ 44. |
| 9, 12, 14, 15, 17, 19-26, 28 | Video exhibits from the Heslin/Lewis Trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 | **Completeness**: Materials were excerpted due to size constraints and were made available at the request of opposing counsel. Defendant had an opportunity to submit the video exhibits in their entirety or additional excerpts, but chose not to.<br>**Relevance**: The documents are state court records from the lawsuits that establish the debt at issue and form the basis for the Motion.<br>**Probative Value**: Probative value is not "substantially outweighed" by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Jones repeatedly admits that the videos speak for themselves. The evidence demonstrates which issues were litigated and determined in the underlying state court actions. Any prejudice is not unfair, but rather is the result of Jones's own actions.<br>**Hearsay**: All defamatory statements within these videos are not hearsay. FRE 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Jones's defamatory statements—claiming, among other things, that the Sandy Hook shooting was fake and that Movants and their dead children are actors—are not offered to "prove the truth of the matter asserted." Those statements are plainly false. They are offered for the fact that they were said, which is not a purpose prohibited by the FRE. False statements made by people other than Jones who were hosted on InfoWars are not hearsay for the same reason. Alternatively, these videos are admissible |

| | | | | |
|---|---|---|---|---|
| | | | | under FRE 801(d)(2) or FRE 807.<br>**Lacks Foundation**: Foundation was laid in the Declaration of Stuart Lombardi. Jones admits that the videos speak for themselves. Jones's Response at ¶ 1. |
| 3-8, 32, 34, 37-40, 41-45 | Pleadings, motions, orders, and other filings from the Pozner/De La Rosa/Heslin/Lewis Actions | Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 401, 403, 801, 901 | **Relevance**: The documents are state court records from the lawsuits that establish the debt at issue and form the basis for the Motion.<br>**Probative Value**: Probative value is not "substantially outweighed" by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. The evidence demonstrates which issues were litigated and determined in the underlying state court actions. Any prejudice is not unfair, but rather is the result of Jones's own actions.<br>**Hearsay**: These materials are not hearsay because they are offered to show the issues that were fully and fairly litigated in the underlying action and not for the "truth of the matter asserted." Alternatively, all filings are admissible under the residual exception in FRE 807. The statements are "supported by sufficient guarantees of trustworthiness" in that they are official filings from the state court action and they are "more probative on the point for which [they are] offered than any other evidence" in that the record of the state court action is the best evidence of what issues were litigated in that action.<br>**Lacks Foundation**: Foundation was laid in the Declaration of Stuart Lombardi. Jones admits that the orders speak for themselves. Jones's Response at ¶ 44. |

| | | | | |
|---|---|---|---|---|
| 10, 13, 16, 18, 27, 30-31 | Affidavits and other print exhibits used during the Heslin/Lewis Trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 | **Completeness**: Materials were excerpted due to size constraints and were made available at the request of opposing counsel. Defendant had an opportunity to submit the entire trial court record or additional excerpts, but chose not to.<br>**Relevance**: The documents are state court records from the lawsuits that establish the debt at issue and form the basis for the Motion.<br>**Probative Value**: Probative value is not "substantially outweighed" by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. The evidence demonstrates which issues were litigated and determined in the underlying state court actions. Any prejudice is not unfair, but rather is the result of Jones's own actions.<br>**Hearsay**: Jones's statements are admissible under FRE 801(d)(2). In addition, defamatory statements made by Jones and other employees at InfoWars are not hearsay. FRE 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Jones's defamatory statements claiming, among other things, that the Sandy Hook shooting was fake and that Movants and their dead children are actors are not offered to "prove the truth of the matter asserted." Those statements are plainly false. They are offered for the fact that they were said, which is not a purpose prohibited by the FRE. All remaining documents are admissible under the residual exception in FRE 807. Jones admits that the primary issue in this Motion is the legal effect of the state court action. The evidence introduced in the state court actions, including the sworn affidavit of Leonard Pozner, is "supported by sufficient guarantees of trustworthiness" (it was admitted by the state court) and is the best evidence of what occurred in that action.<br>**Lacks Foundation**: Foundation was laid in the Declaration of Stuart Lombardi. |