IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re** <br> **Alexander E. Jones,** <br>          Debtor. | **Bankruptcy** <br> **Case No. 22-33553 (CML)** <br> **Chapter 11** |
| **Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Estate Of Marcel Fontaine,** <br>          Plaintiffs, <br>     v. <br> **Alexander E. Jones,** <br> Defendant. | **Adv. Pro. No. 23-03035 (CML)** |
| **David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto Marino, William Aldenberg, William Sherlach, Robert Parker, and Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty,** <br>          Plaintiffs, <br>     v. <br> **Alexander E. Jones,** <br> Defendant. | **Adv. Pro. No. 23-03037 (CML)** |

**DEFENDANT'S COMMENT REGARDING LETTER BRIEF FILED BY PLAINTIFFS ON AUGUST 6, 2023 [DOCKET NO. 69, CASE NO. 23-03037]**

On or about August 6, 2023, counsel for Plaintiffs in the Connecticut Action, writing on behalf of plaintiffs in both the Connecticut and Texas Actions filed a letter brief addressed to the Court, which purported to inform the Court of the status of certain pre-hearing evidentiary conferences between the parties as well as multiple pages of legal argument and briefing on those

issues [Docket No. 69, Case No. 23-03037].

Plaintiffs' counsel and Defendant's counsel had a chance to connect via phone conference this morning and complete the meet and confer process. Counsel for Plaintiffs in the Texas Action and Defendant's counsel were also able to hold a follow-up conference afterwards to attempt to work through additional matters and any resolution will be announced in advance of the hearing. The following is a summary of Defendant's position regarding certain contested evidentiary matters following these conferences:

1. <u>Jones Declaration.</u>

Federal Rule of Civil Procedure 56(c)(1)(a) allows a party to support its factual assertions by "citing to particular parts of materials in the record, including . . . affidavits or declarations." Thus, Defendant's Declaration is appropriate summary judgment evidence. Plaintiffs want the Court to disregard Defendant's Declaration because they argue it is self-serving. However, "[a] party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone. *See C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) (citing *Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 513 (5th Cir.1999)). "Instead, an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving." *Id.* (citing *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir.2003)).

Plaintiffs cite *Mahadevan v. Bikkina (In re Mahadevan)*, 617 F. Supp. 3d 654, 665 (S.D. Tex. 2022) for the proposition that the record here should be closed to the state-court record. But that is not what *Mahadevan* said. *Mahadevan* simply noted that a court trying to determine whether to apply the doctrine of collateral estoppel can look outside the judgments and jury instructions to see if evidence from the state-court proceedings support a finding of intent under section 523(a)(6). The *Mahadevan* court did not say no other evidence can be considered and Plaintiffs here cite to no authority that supports such an assertion.

Defendant's position, supported with numerous citations in his Responses, is that his state of mind during the broadcasts is vital to the Court's determination of whether he caused willful and malicious injuries to Plaintiffs under § 523(a)(6). *Merritt v. Rizzo (In re Rizzo)*, 337 B.R. 180, 189 (Bankr. N.D. Ill. 2006) (stating "defamatory statement is not 'malicious' **unless the debtor knew the statement was false when he made it**")(emphasis added). Defendant argues that willful and malicious injury was not necessarily determined by the judgments, the jury charges, or the state-court records. Further, Defendant argues, and cites record evidence showing, that he was not allowed to testify to his level of culpability in either the Texas or Connecticut Actions, preventing his intent from being actually litigated. *See* Case No. 23-3035 (Doc. 29-46 at 200:3-22); Case No. 23-3037 (Docs. 61-2, 61-3 at 72). To that end, "[i]f it cannot be determined from the pleadings and other materials of record in the prior action what issues, if any, were litigated and determined by

the verdict and judgment, extrinsic evidence is admissible to aid in such a determination." Restatement (Second) of Judgments § 27 cmt. f. Accordingly, Defendant offers his Declaration as additional evidence to aid the Court in its determination of his level of culpability.

Plaintiffs claim that Defendant agreed to limit the summary judgment briefing to the state-court records through stipulation, but that is not accurate. On March 24, 2023, Plaintiffs filed an Emergency Motion requesting an expedited scheduling order so that they could file summary judgment motions concerning the preclusive effects of the state-court judgments. Case No. 23-3035 (Doc. 7); Case No. 23-3037 (Doc. 16). Defendant and Plaintiffs ultimately came to an agreement as to the timing of the briefing schedule. Case No. 23-3035 (Doc. 13); Case No. 23-3037 (Doc. 40). As a condition of Defendant's acquiescence to the expedited schedule, he wanted to ensure that Plaintiff's summary judgment motions were limited to the preclusive effect of the state-court judgments. The parties went back on forth on the language and ultimately settled on the following:

> For the avoidance of doubt, *the Texas and Connecticut Plaintiffs agree* their motions for summary judgment will be focused on the effect of the state court records—that Jones is precluded from litigating the state court findings and that the state court records (which form the basis for those findings) entitle the Texas and Connecticut Plaintiffs to summary judgment on their claims.

Case No. 23-3035 at 3-4 (emphasis added); Case No. 23-3037 (Doc. 40) at 3-4 (same). Thus, as is clear from the language of the stipulation, Plaintiffs agreed to limit their summary judgment motions to the state-court record—not Defendant. Indeed, Defendant could never have agreed to limit any argument or potential evidentiary submission without first seeing Plaintiffs' motions. Defendant's understanding was that the Plaintiffs' summary judgment motions would be limited to the judgments, jury charges, and verdict forms necessarily decided the § 523(a)(6) issue in exchange for an expedited briefing schedule, and that all other summary judgments were reserved for a later date after a scheduling order was entered. Had that been the case, then the Declaration would probably not have been necessary. But, Plaintiffs argue that the record outside the judgments, jury charges, and verdict forms establish the requisite level of culpability under § 523(a)(6). Defendant maintains that state-court records do not establish Defendant's level of culpability, and thus, Defendant had to submit the testimony of his level of culpability for the record.

2. <u>What evidence the court can consider for summary judgment.</u>

Plaintiffs' motions opened the door to arguments outside of collateral estoppel. The Texas Plaintiffs argued that "even if the judgments were not entitled to preclusive effect (which they are), the facts on the state-court records establish willful and malicious injury." (Case No. 23-3035, Doc. 27 at 36). The Texas Plaintiffs went on to argue that the court could take judicial notice of all the evidence from the state-court record. (*Id.*). While the Connecticut Plaintiffs did not formulate their argument in the same way, Defendant, concerned that both Texas and Connecticut Plaintiffs argued that the evidence from the state-court records was sufficient to determine the 523(a)(6) issue regardless of the doctrine of collateral estoppel, responded with traditional evidentiary objections. Defendant explained why the Court could not take judicial notice of the

state-court record in his Response to the Texas Plaintiffs. (Case No. 23-3035, Doc. 32 at 47 (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)). Further, it is Defendant's position that collateral estoppel is an "all-or-nothing thing." Charles Alan Wright, et al., Federal Practice and Procedure § 4416 (3d ed.) ("Although older cases reflect occasional efforts to use prior findings simply as evidence, ***it has long been settled that preclusion ordinarily is an all-or-nothing thing. The prior determination either precludes any further dispute about the matter, or it is irrelevant and cannot be admitted even as some evidence bearing on the matter***." (internal footnotes omitted and emphasis added)). Accordingly, almost all of Defendant's objections to Plaintiffs' evidence were made in case the Court determines that collateral estoppel does not apply.

Defendant does maintain a few specific objections to evidence for the purpose of summary judgment on collateral estopel grounds:

1. Texas Plaintiffs' Exhibit 10, attached to the *Declaration of Stuart R. Lombardi in Support of Plaintiffs Heslin, Lewis, Pozner, and De La Rosa's Motion for Summary Judgment*, Case No. 23-03035 (Doc. 29-10), contains an affidavit of Leonard Pozner. There is no indication where it is from or whether it was filed in the state-court proceeding. There has yet to be a trial in the Pozner matter, and thus the record remains open, and this affidavit cannot be located there.
2. Connecticut Plaintiffs' *Declaration of Alinor C. Sterling in Support of Plaintiffs' Motion for Summary Judgment*, paragraphs 12, 23, and 24 are hearsay and the assertions of Ms. Sterling. Case No. 23-03037 (Doc. 57-3 at 3-4). They appear to allude to facts in the record, but do not cite thereto. They also contain opinion, which is not relevant or contained in a qualified expert opinion. Since they are not part of the state-court record, and no foundation for the statements is made, they should be stricken from the Affidavit for lack of personal knowledge, and as unqualified opinion.

3. <u>Video evidence.</u>

Motions for Summary Judgments are not evidentiary hearings. If there is a genuine issue of material fact, the case is not ripe for summary judgment. Playing videos seems to turn the hearing into a mini-trial rather than focus on legal argument. Defendant believes that the playing of videos during the hearing—that the Court has in its possession and can review before or after the hearing—will not meaningfully aid the Court and will needlessly waste the Court's and parties' time. However, if the Court decides it will allow Plaintiffs to play videos at the hearing, Defendant requests that the Court allow him to play some videos in the record as well, and that applicable time be added to his counsel's presentation time to afford such completeness.

Dated: August 7, 2023                    Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

**ATTORNEYS FOR ALEXANDER E. JONES**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on this 7th day of August, 2023.

*/s/ Christina W. Stephenson*
Christina W. Stephenson