# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-33553 |
| ALEXANDER E. JONES, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| NEIL HESLIN, *et al.*, | § | |
| | § | |
| | § | |
| v. | § | ADVERSARY NO. 23-03035 |
| | § | |
| ALEXANDER E. JONES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM DECISION ON TEXAS PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT AGAINST JONES**

Plaintiffs are parents of children murdered in the Sandy Hook Elementary School tragedy. Before this bankruptcy case started, they sued Alexander E. Jones and other defendants in Texas state court for defamation and intentional infliction of emotional distress. The Texas state court lawsuits are referred to here as the "**Heslin/Lewis Action**" and the "**Pozner/De La Rosa Action**." About three years into both Actions, a state court entered default judgment orders against Jones based on repeated violations of discovery orders. These orders made Jones liable for the defamation and emotional distress claims. And, under Texas law, the orders also deemed Jones to have admitted all allegations in the Plaintiffs' state court petitions. A jury in the Heslin/Lewis Action later awarded those Plaintiffs over $49 million in compensatory and exemplary damages. There has been no damages trial in the Pozner/De La Rosa Action.

Jones and an entity he owns named Free Speech Systems, LLC filed separate bankruptcy cases in 2022. Free Speech elected to proceed under Subchapter V of the Bankruptcy Code. Jones is in a traditional chapter 11 case, not Subchapter V. This decision involves Jones's case only.

The Bankruptcy Code provides that some debts are excepted from a bankruptcy "discharge" and remain enforceable against the debtor even after a bankruptcy case ends. Plaintiffs started this adversary proceeding seeking an order stating that debts related to the state court actions are excepted from discharge

under § 523(a)(6) of the Bankruptcy Code. They also believe that the state court record, including court orders and jury awards, prove that there are no material issues of disputed fact and that summary judgment is warranted as a matter of law. Jones disagrees.

After careful consideration, the Court grants partial summary judgment.

## Background

### I. The Texas State Court Actions

In 2018, Neil Heslin started the lawsuit captioned *Heslin v. Jones, et al.*, Case No. D-1-GN-18-001835, in the 261st Judicial District Court of Travis County, Texas. That same year, Scarlett Lewis started the lawsuit captioned *Lewis v. Jones, et al.*, Case No. D-1-GN-18-006623, in the 98th Judicial District Court of Travis County, Texas. These cases were later consolidated (the "**Heslin/Lewis Action**"). Heslin and Lewis sued Jones and Free Speech alleging defamation, defamation per se, and intentional infliction of emotional distress.[1]

Leonard Pozner and Veronique De La Rosa later started the lawsuit captioned *Pozner and De La Rosa v. Jones, et al.*, Case No. D-1-GN-18-001842, in the 345th Judicial District Court of Travis County, Texas (the "**Pozner/De La Rosa Action**"), alleging the same causes of action against Jones and Free Speech as Heslin and Lewis.[2]

Jones does not contest that he answered the petitions in both Actions.[3] But in September 2021, the 459th District Court granted Lewis a default judgment under Texas Rule of Civil Procedure 215 ("**Rule 215**") against Jones and Free Speech for, among other things, intentionally disobeying a prior court discovery order.[4]

---

[1] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 21–27, ECF No. 29-8.

[2] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 18–25, ECF No. 29-4.

[3] Def.'s Resp. to Mot. for Summ. J. at 29, ECF No. 32; MSJ Hr'g Tr. 69:1-7, 70:13-17, ECF No. 43.

[4] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 42 at 4, ECF No. 29-42. Tex. R. Civ. P. 215.2 provides that if a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others:

> (5) an order striking out pleadings or parts thereof . . . or dismissing with or without prejudice the action or proceedings or any part thereof, *or rendering a **judgment** by default against the disobedient party.* (emphasis added). TEX. R. CIV. P. 215.2(b)(5).

In October 2021, the 459th District Court also granted a Rule 215 default judgment against Jones and Free Speech in the Pozner/De La Rosa Action because they "unreasonably and vexatiously" disregarded their discovery duties.[5]

That same month, the 261st District Court entered a Rule 215 default judgment against Jones and Free Speech in the Heslin case.[6] The court found that both Jones and Free Speech showed "flagrant bad faith and callous disregard for the responsibilities of discovery under the rules."[7]

The Heslin/Lewis Action proceeded to a jury trial before the 261st District Court on damages for Heslin's defamation claim and the intentional infliction of emotional distress claims for both Heslin and Lewis. After a multi-day trial, the state court issued one "Charge of the Court" for compensatory damages and another for exemplary damages.[8]

The following chart summarizes the jury charges:[9]

| Defamation Against Neil Heslin | Intentional Infliction of Emotional Distress |
| --- | --- |
| You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed defamation against Neil Heslin.<br><br>You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC published statements that were false and defamatory concerning Neil Heslin on June 26, 2017 and July 20, 2017. | You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed intentional infliction of emotional distress against Neil Heslin and Scarlett Lewis in a continuing course of conduct from 2013 to 2018.<br><br>Intentional infliction of emotional distress means the defendant acts intentionally or recklessly with extreme and outrageous conduct to cause the plaintiff emotional distress |

---

[5] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 41 at 2, ECF No. 29-41.

[6] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 3, ECF No. 29-3.

[7] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 3 at 3, ECF No. 29-3.

[8] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Exs. 5, 6. ECF Nos. 29-5, 29-6.

[9] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 5, at 4, 6; Ex. 6 at 4, 6. ECF Nos. 29-5, 29-6.

| | |
|---|---|
| You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC knew or should have known, in the exercise of ordinary care, that the statements published on June 26, 2017 and July 20, 2017 were false and had the potential to be defamatory. | and the emotional distress suffered by plaintiff was severe. |
| You are further instructed that at the time Defendants Alex Jones and Free Speech Systems, LLC published the statements on June 26, 2017 and July 20, 2017, Defendants knew the statements were false as it related to Neil Heslin, or that Defendants published the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of the statements. | |

The jury awarded Heslin $110,000 in compensatory damages and $4.2 million in exemplary damages on the defamation claim.[10] As for intentional infliction of emotional distress, the jury awarded Heslin and Lewis each $2 million in compensatory damages.[11] They were also each awarded $20.5 million in exemplary damages.[12]

In September 2022, one month after the jury awarded damages, Heslin and Lewis filed a motion for leave to file a Fourth Amended Petition. The amended petition added an allegation that Jones and Free Speech's conduct violated section 22.04 of the Texas Penal Code.[13]

---

[10] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 5 at 5, Ex. 6 at 5, ECF Nos. 29-5, 29-6.

[11] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 5 at 7-8, ECF No. 29-5.

[12] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 6 at 7-8, ECF No. 29-6.

[13] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 26 ECF No. 29-8.

4 / 18

Jones filed this chapter 11 bankruptcy case in December 2022.[14] Soon after, this Court entered an agreed order modifying the automatic stay to allow the Heslin/Lewis Action to continue to final judgment and any appeals to proceed.[15]

In January 2023, the state court granted the motion for leave to file the Fourth Amended Petition. Then the court entered a Final Judgment awarding Heslin $26.81 million, Lewis $22.5 million, pre- and post-judgment interest, and court costs.[16] The Final Judgment states that Heslin and Lewis are entitled to relief based on "the jury's findings, along with the Court's default judgment and resulting admissions."[17] The court further held that if "a necessary element of their recovery has been omitted, the Court implies a finding to support it."[18] The Final Judgment also states that no party sought a judgment addressing the constitutionality of the amount of exemplary damages awarded. Presumably recognizing that the Fourth Amended Petition added a cause of action (the section 22.04 of the Texas Penal Code allegation) referenced in section 41.008(c)(7) of the Texas Civil Practice and Remedies Code, which excepts the Final Judgment from the exemplary damages limitation under section 41.008(b), the state court withheld judgment on the constitutionality of any claimed exception to the Texas cap on exemplary damages.[19]

There has not been a damages trial in the Pozner/De La Rosa Action.

## II. The Adversary Proceeding

Plaintiffs started this adversary proceeding to determine the dischargeability of the debts against Jones under § 523(a)(6) of the Bankruptcy Code.[20] They moved for summary judgment on a theory that the Final Judgment satisfies the requirements of collateral estoppel on the issue of willful and malicious injury.[21]

---

[14] *See* Voluntary Ch. 11 Pet. of Alexander E. Jones, Case No. 22-33553, ECF No. 1.

[15] *See* Agreed Order Modifying the Automatic Stay, Case No. 22-33553, ECF No. 58.

[16] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 7 at 2, ECF No. 29-7.

[17] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 7 at 2, ECF No. 29-7.

[18]. Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 7 at 2, ECF No. 29-7.

[19] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 7 at 3, ECF No. 29-7.

[20] Mot. for Summ. J. ¶ 5, ECF No. 27.

[21] Mot. for Summ. J. ¶¶ 55–85, ECF No. 27.

They also contend that the facts in the state court record establish willful and malicious injury.[22]

Jones mainly argues that summary judgment is not appropriate because (i) the issue of "willful and malicious injury" was not actually litigated in the state court actions; (ii) the issue of willful and malicious injury was not essential to the state court judgments; (iii) applying collateral estoppel would be unfair to Jones under the circumstances of this case; (iv) federal law does not require federal courts to grant full faith and credit to unconstitutional state court judgments; and (v) the record evidence produced by the Plaintiffs does not independently establish that they are entitled to judgment as a matter of law on a § 523(a)(6) claim.[23]

## **Jurisdiction**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction under 28 U.S.C. § 1334. The parties' express and implied consent also provides this Court constitutional authority to enter a final judgment under *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678–83 (2015) and *Kingdom Fresh Produce, Inc. v. Stokes Law Off., L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609, 617 (5th Cir. 2016).

## **Legal Standard**

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment, "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. FED. R. BANKR. P. 7056. A movant is entitled to summary judgment by showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018).

Plaintiffs, as the movants here, bear the burden of proof at trial. So they must show the lack of a genuine issue of disputed fact that entitles them to judgment as a matter of law. If successful, the burden shifts to the nonmovant, Jones, to identify specific record evidence and articulate precisely how the evidence defeats summary judgment. *See Matson v. Sanderson Farms, Inc.*, 388 F. Supp. 3d 853, 869 (S.D. Tex. 2019) (citing *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)). In determining whether summary judgment is appropriate, all justifiable inferences

---

[22] Mot. for Summ. J. ¶¶ 86–103, ECF No. 27.

[23] Def.'s Resp. to Mot. for Summ. J. at 1–3, ECF No. 32.

are drawn in Jones's favor as the non-movant. *See Harville v. City of Houston, Mississippi*, 945 F.3d 870, 874 (5th Cir. 2019).

## Analysis

Interpreting the Bankruptcy Code begins with analyzing the text. *See Whitlock v. Lowe (In re Deberry)*, 945 F.3d 943, 947 (5th Cir. 2019) ("In matters of statutory interpretation, text is always the alpha."); *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("The preeminent canon of statutory interpretation requires [the court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'") (quoting *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).

### I.  Section 523(a)(6) and Collateral Estoppel

A creditor must prove nondischargeability of a debt by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286–87 (1991). Section 523(a) of the Bankruptcy Code excepts certain debts from discharge against an individual debtor. The Bankruptcy Code defines a "debt" as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed . . . ." 11 U.S.C. § 101(5).

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity. . . ." 11 U.S.C. § 523(a)(6). The Bankruptcy Code does not define "willful" or "malicious." In *Kawaauhau v. Geiger*, the U.S. Supreme Court held that a willful and malicious injury means a "deliberate or intentional injury." 523 U.S. 57, 61 (1998). This means that there must be intent to cause the injury, not just the act which leads to the injury. *Id.* at 61–62. In the Fifth Circuit, intent to cause injury exists "where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 629 (5th Cir. 2012) (quoting *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998)). The objective standard requires a court to analyze from a reasonable person's perspective "whether the defendant's actions were substantially certain to cause harm, [and] are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *Chowdary v. Ozcelebi (In re Ozcelebi)*, 640 B.R. 884, 905 (Bankr. S.D. Tex. 2022) (citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361–62 (5th Cir. 2007)). Substantial certainty does not mean absolute certainty, but it must be something more than a high

probability. *See Mahadevan v. Bikkina (In re Mahadevan)*, 617 F. Supp. 3d 654, 660 (S.D. Tex. 2022) (citing *In re D'Amico*, 509 B.R. 550, 561 (S.D. Tex. 2014)).[24]

Because of this intent requirement, debts arising from reckless or negligently inflicted injuries are not excepted under § 523(a)(6). *Geiger*, 523 U.S. at 64. For example, debts related to a debtor's act of intentionally driving a car into a crowded bar and killing a creditor's relatives were found to be based on willful and malicious injuries. *See Mahadevan*, 617 F. Supp. 3d at 660 (citing *Red v. Baum* (*In re Red*), 96 F. App'x 229, 230 (5th Cir. 2004)). But debts related to a debtor's act of illegally selling a rifle to an individual, who years later shot people, were not based on a willful and malicious injury. *See Leyva et al. v. Braziel (In re Braziel)*, 653 B.R. 537, 558 (Bankr. N.D. Tex. 2023). The debtor intended to sell the rifle to the third party. *Id.* at 557. And while the sale itself was an intentional illegal act, it was not an act intended to harm the victims under either an objective or subjective standard. *Id.* at 558.

Plaintiffs can invoke collateral estoppel to establish that a debt is nondischargeable. *See Grogan v. Garner,* 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Collateral estoppel prevents parties from relitigating issues of fact that were already "determined by a valid and final judgment" in a prior lawsuit in any future lawsuit involving the same parties. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Federal courts must give full faith and credit to state-court judgments. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986) ("[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give."); *Shimon v. Sewerage & Water Bd. of New Orleans,* 565 F.3d 195, 199 (5th Cir. 2009) (quoting *Parsons Steel*).

The laws of the state in which the judgments were entered determine whether collateral estoppel applies. *Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1201 (5th Cir. 1996). So the Texas rules apply here. Under Texas law, collateral estoppel bars a party from relitigating issues when "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002) (citations omitted).

---

[24] The plain meaning of willful and malicious also confirms that § 523(a)(6) excepts deliberate and intentional acts to harm someone. Willful means "done deliberately: intentional." *Willful*, Merriam-Webster Online Dictionary (https://www.merriam-webster.com/dictionary/willful) (last visited Oct. 18, 2023). And malicious means "having or shown a desire to cause harm to someone" Malicious, Merriam-Webster Online Dictionary (https://www.merriam webster.com/dictionary/malicious) (last visited Oct. 18, 2023).

A bankruptcy court does not necessarily need a full state court record to apply collateral estoppel. *See Fielder v. King (In re King)*, 103 F.3d 17, 19 n.1 (5th Cir. 1997) (citing *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 114–15 (5th Cir. 1993)). But a state court record devoid of factual findings to support a dischargeability determination is not entitled to summary judgment. *See Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997) (denying application of collateral estoppel where state court record lacked findings of fact).

The parties were unarguably adversaries in the state court actions. The dispute is whether (i) the issues here were fully and fairly litigated and (ii) they were essential to the judgment.

## II.  Summary Judgment is Granted in Part on the Heslin/Lewis Action

### A.  The issue was "fully and fairly litigated"

Under Texas law, the allegations in a petition are deemed admitted and the defendant's liability established if a default judgment is entered against a defendant based on discovery abuse. *See, e.g.*, *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). The state court's Final Judgment is based on "the jury's findings, along with the Court's default judgment and resulting admissions."[25] So the allegations in the Heslin/Lewis petition are deemed admitted by Jones.

Default judgment orders like the ones entered against Jones have the effect of fully and fairly adjudicating a claim. *See Gober v. Terra + Corp., (In re Gober)*, 100 F.3d 1195, 1201 (5th Cir. 1996) (holding that an issue had been fully and fairly litigated even when pleadings were struck for discovery abuse); *Guion v. Sims (In re Sims)*, 479 B.R. 415, 421 (Bankr. S.D. Tex. 2012) (same); *Dahlin v. Dahlin (In re Dahlin)*, No. 16-36169, 2018 WL 2670501, at *4 (Bankr. S.D. Tex. May 15, 2018) (same).

In *Gober*, the Fifth Circuit found that, even though the court ultimately entered a default judgment, the issue of "willful and malicious injury" had been fully litigated. *Gober*, 100 F.3d at 1205. It based that conclusion on several factors, including the defendant's ability to participate in the damages hearing, participation in the process for two years, consistent disregard for the discovery rules, and refusal to comply with court orders. *Id.* at 1205–06. The defendant knew that the discovery sanctions were possible and what the resulting disposition would be if a default judgment was entered. *Id.* at 1202.

And in *Pancake v. Reliance Insurance Co.*, the Fifth Circuit affirmed using collateral estoppel in a dischargeability action where a Texas state court struck a

---

[25] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 7 at 2, ECF No. 29-7.

9 / 18

defendant's answer to a complaint for discovery abuse and then entered a judgment against that party. *See Pancake,* 106 F.3d at 1244. The Circuit stated that "where the court enters a default judgment after conducting a hearing or trial at which the plaintiff meets [its] evidentiary burden, the issues raised therein are considered fully and fairly litigated for collateral estoppel purposes." *Id.*

The record reflects that Jones participated in the state court action for multiple years but did not comply with court discovery orders. He also participated in the damages trial and presented evidence on that issue. The state court, however, barred him from relitigating liability in the damages trial. Finding here that the state court default judgment orders in the Heslin/Lewis Action have the effect of fully and fairly adjudicating the defamation and intentional infliction of emotional distressed claims—and the facts to determine "willful and malicious injury" under § 523(a)(6)—is consistent the reasoning and holdings in *Gober* and *Pancake.*

Jones argues that the precise issue of "willful and malicious" was not litigated in the Heslin/Lewis Action and that he did not have a chance to present certain defenses at trial. Neither argument changes the outcome here. "Willful and malicious injury" does not need to be the exact label on the issue litigated in state court for a bankruptcy court to assess whether the debt from a state court action was based on acts constituting willful and malicious injury for purposes of § 523(a)(6). *See, e.g., In re Mahadevan,* 617 F. Supp. 3d at 660 (analyzing collateral estoppel principles on defamation and intentional infliction of emotional distress claims); *In re Scarbrough,* 516 B.R. 897 (Bankr. W.D. Tex. 2014) (same); *In re Sims,* 479 B.R. at 421 (same). Instead, the analysis focuses on whether the state court made specific findings about an injury to a plaintiff that meets the test for willful and maliciousness under § 523(a)(6).

The Heslin/Lewis petition contains multiple allegations about Jones's intent to cause those plaintiffs harm or substantial certainty that Jones's actions would cause harm. For example, the petition alleges that "Mr. Jones and InfoWars were well-aware of the unhinged community of 'Sandy Hook Investigators' they had fostered."[26] It then alleges that "Defendants knew that a large collection of Sandy Hook deniers were coordinating their harassment against Plaintiffs and other victims."[27] The petition also states that Jones had a "malicious obsession" around the Sandy Hook hoax theory.[28] Jones's defamatory statements allegedly "were designed to harm Plaintiff's reputation and subject the Plaintiff to public contempt,

---

[26] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 11, ECF No. 29-8.

[27] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. For Summ. J. Ex. 8 at 11, ECF No. 29-8.

[28] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 4, ECF No. 29-8.

disgrace, ridicule, or attack."[29] Finally, the complaint states "Defendants' five-year campaign of willful lies and malicious harassment was utterly intolerable in a civilized community."[30] These are the allegations the default orders deem Jones to have admitted. On top of that, the Final Judgment incorporated by reference these deemed-admitted allegations as part of its basis for awarding damages.

Jones also argues that because the discovery judgment orders did not specifically reference any acts he personally took, he was wrongfully prevented from raising defenses at the damages trial. But the term "Defendants" as used in the state court record and default judgment orders always includes Jones.[31] The sanctions were entered against the "Defendants" as the result of actions taken by the "Defendants."[32]

Jones is appealing the Final Judgment in the Heslin/Lewis Action, including the amount of exemplary damages, and nothing in this bankruptcy case affects his appellate rights. He may raise his complaints about not being permitted the right to argue defenses at the damages trial with the appropriate Texas state appellate forum. It is not, however, a basis for this Court to ignore the plain language of the state court's default judgment orders or Final Judgment. A right to appeal the state court's decision does not change the fact that the Final Judgment (including the default judgment orders and deemed admissions incorporated in it) satisfies the fully and fairly litigated prong. *See e.g.*, *In re Sims*, 479 B.R. at 421 (citing *Prager v. El Paso Nat. Bank,* 417 F.2d 1111, 1112 (5th Cir. 1969); *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex. 1986)); *In re Dahlin*, 2018 WL 2670501, at *4 (finding that, under full faith and credit, defendant could not argue against nondischargeability because death penalty sanctions were improperly ordered). The Court rejects Jones's argument that it does not have to give full faith and credit to the state court default judgment orders and Final Judgment.

This Court also agrees with the reasoning in *Herbstein v. Bruetman*, 266 B.R. 676, 685 (N.D. Ill. 2001), which held that:

> [W]here [a litigant] participated extensively then failed to
> comply with an express court order issued multiple times
> at a risk of incurring default, [then] we agree with the

---

[29] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 22, ECF No. 29-8.

[30] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 23, 25, ECF No. 29-8.

[31] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. For Summ. J. Ex. 8 at 1, ECF No. 29-8.

[32] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 3 at 1, Ex. 42 at 1, ECF Nos. 29-3, 29-42.

> Bankruptcy Court and the Third [Circuit] ... that [the litigant] should not now be able to sidestep the collateral estoppel doctrine and litigate an issue in this forum that was forestalled in [another court] due solely to [the litigant's] decisions. [The litigant] is not entitled to a second bite at the apple. The issue underlying the ... default judgment were "actually litigated" for purposes of the collateral estoppel doctrine.

In sum, the state court default judgment orders, coupled with an empaneled jury who rendered a verdict based on evidence presented at trial, and the Final Judgment satisfy this prong of collateral estoppel. The next step is determining whether the findings on willful and malicious injury were essential to the final judgment.

### B. The findings were essential to the Final Judgment on defamation, including the jury award of damages

Under Texas law, a defamation claim has three elements. A plaintiff must prove that a defendant: "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Actual malice means publication of a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 573–74 (quoting *New York Times v. Sullivan,* 376 U.S. 254, 279–80 (1964)). Reckless disregard means the publisher "entertained serious doubts as to the truth of his publication." *Id.* at 574 (quoting *St. Amant v. Thompson,* 390 U.S. 727, 731 (1968)).

The Final Judgment in the Heslin/Lewis Action states that based on "the jury's findings, along with the Court's default judgment and resulting admissions," Heslin and Lewis were entitled to the damages awarded by the jury. The state court's default judgment orders found that Jones showed "flagrant bad faith and callous disregard for the responsibilities of discovery," but it includes no specific finding about defamation, so we look to the deemed admitted allegations and the jury award.[33]

---

[33] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 7 at 2, ECF No. 29-7.

As noted above, the Heslin/Lewis petition contains many well pleaded allegations that Jones knew he was causing a willful and malicious injury to Heslin.[34] Jones is correct though that the petition also describes his behavior as reckless and references "reckless attacks" and "reckless harassment" of the Plaintiffs.[35] But upon a careful review of the petition, Jones is also deemed to have committed intentional acts too. For example, it states that Jones and Free Speech acted with actual malice, that their "defamatory statements were knowingly false or made with reckless disregard for the truth….,"[36] and that "Defendants knew that their publication could cause Plaintiff to suffer harassment and potential violence."[37] This means that Jones is deemed to have committed both intentional *and* reckless acts.

The jury considered damages in a multi-day trial. The jury charge states that Jones "committed defamation." He "knew or should have known, in the exercise of ordinary care" that the statements published between June 26 and July 20, 2017 were defamatory (false) concerning Heslin. It also states that Jones published false statements "with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of the statements."[38] These are all specific findings about an objective certainty of harm and a subjective motive to cause harm. These are findings about a deliberate and intentional act meant to cause injury, not just a deliberate act that leads to injury. The jury awarding damages based on these findings makes summary judgment warranted on the Heslin defamation claim. The record contains specific findings essential to the Final Judgment about Jones objectively and subjectively intending the consequences of his acts. And it finds that these acts injured Heslin.

This case is like the bankruptcy court decision in *In re Scarbrough*. In *Scarbrough*, state court findings about a debtor's actions supported a finding that the debtor acted with a subjective motive to cause harm, so the debt was nondischargeable under § 523(a)(6). *In re Scarbrough*, 516 B.R. at 912. The state court findings included, for example, that the debtor damaged another's reputation and failed to turn over evidence for the express purpose of causing that party harm

---

[34] *See* supra notes 26-30.

[35] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 4, 13, 24, 25, 26, ECF No. 29-8.

[36] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 22, ECF No. 29-8.

[37] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 23, ECF No. 29-8.

[38] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 5 at 4, Ex. 6 at 4, ECF Nos. 29-5, 29-6.

so the debtor could win his case. *Id.* at 905. The jury instruction for defamation was that the debtor made statements he "knew were false or which he made with a high degree of awareness that were probably false, to an extent that he in fact had serious doubts as to the truth of the statement(s)." *Id.* at 912. That instruction mirrors the defamation instruction in this case.

The Fifth Circuit Court of Appeals later affirmed the bankruptcy court's holding. *Scarbrough v. Purser (In re Scarbrough)*, 836 F.3d 447, 456 (5th Cir. 2016). The Fifth Circuit held that the jury's finding of damages for defamation independently supported the judgment, was binding, and precluded relitigating that issue in another case. *Id.*[39] Therefore, in Jones's case, the language of the jury instruction confirms that the damages awarded flow from the allegations of intent to harm the Plaintiffs—not the allegations of recklessness. Summary judgment on the nondischargeability of the jury awards based on Heslin's defamation claim is granted.[40]

### III. Summary Judgment s Granted in Part on the Intentional Infliction of Emotional Distress Claims

Based on the well pleaded facts in the Heslin/Lewis petition, which are incorporated in the Final Judgment, Jones is deemed to have admitted, among other things:

- "Defendants' malicious statements were part of a continuous pattern of five years of intentional *and* reckless harassment."[41] (emphasis on the "and," which means the harassment was both)

- "Defendants recognized the distress of the Sandy Hook parents and often addressed the parents directly in their outrageous videos."[42]

- "Defendants knew and intended for Plaintiffs to suffer emotional distress."[43]

---

[39] *See also In re Mason*, Nos. 95 B 41537, 95/1653A, 1999 WL 58579, at *3 (Bankr. S.D.N.Y. 1999) (defamation debt nondischargeable when defendant knew the published statements were false).

[40] The ultimate amount of this nondischargeable debt could change if Jones succeeds on his state court appeal.

[41] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 24, ECF No. 29-8.

[42] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 25, ECF No. 29-8.

[43] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 25, ECF No. 29-8.

- "Defendants' conduct, as a whole, was outrageous and intolerable, going beyond all bounds of decency." [44]

- "Defendants' five-year campaign of willful lies and malicious harassment was utterly intolerable in a civilized community."[45]

- "No reasonable person could be expected to endure the emotional distress inflicted upon Plaintiffs."[46]

These deemed admissions were essential to the Final Judgment and constitute specific findings that Jones objectively and subjectively intended the consequences of his acts, and that the acts injured Heslin and Lewis.

Recall that § 523 excepts debts from a discharge. A "debt" is a "liability on a claim." 11 U.S.C. § 101(12). And a "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed . . . ." § 101(5). Based on these findings, Heslin and Lewis have a right to payment based on liability for the intentional infliction of emotional distress claim that is excepted from discharge under § 523(a)(6). Summary judgment is granted on this part.

Summary judgment is denied, however, about how much the jury's damages were based on the finding of willful and malicious injury. The jury was instructed that Jones was liable for intentional infliction of emotional distress. But it was defined as meaning Jones acted either "intentionally or recklessly with extreme and outrageous conduct."[47] The jury was asked to find damages based on intentional *or* reckless acts, and it did so.

In a recent case, the District Court for the Southern District of Texas reversed a summary judgment order finding that the jury could have awarded damages for intentional infliction of emotional distress based on intentional *or* reckless acts, and the record did not otherwise support a finding of intent. *In re Mahadevan*, 617 F. Supp. 3d at 663. In this case, the record likewise reflects ambiguity as to whether the jury awarded over $44 million in damages to Heslin and Lewis based on intentional acts only.

---

[44] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 25, ECF No. 29-8.

[45] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 25, ECF No. 29-8.

[46] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 25, ECF No. 29-8.

[47] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 5 at 6, ECF No. 29-5.

The Heslin/Lewis plaintiffs argue that the entry of an award for punitive damages in excess of the statutory cap necessarily implies a finding of willful and malicious injury even if the record is ambiguous.[48] But the Final Judgment is not expressly clear on this point, and therefore not sufficient to grant summary judgment on that basis.

In sum, the Court grants partial summary judgment as to the deemed admissions about willful and malicious injury Jones caused Heslin and Lewis. But there must be a trial about the damages stemming from the admitted allegations constituting a willful and malicious injury. This Court can handle the trial. And to be clear, this means that the Court will not retry Jones's liability for intentional infliction of emotional distress. *See In re Sims*, 479 B.R. at 420, *subsequently aff'd*, 548 Fed. Appx. 247 (5th Cir. 2013) (finding, on a hearing to determine the dischargeability of a debt under § 523, that the bankruptcy court could not retry the state court's finding of fraud). Nor will it revisit Jones's arguments about the constitutionality of the state court's finding that he is liable for defamation and intentional infliction of emotional distress. The trial will also not be a forum to retry deemed admissions under the default judgment orders that constitute willful and malicious injuries under § 523(a)(6).

### IV. Summary Judgment Is Granted in Part on the Pozner/De La Rosa Action

This Court must give full faith and credit to the state court default judgment orders entered in the Pozner/De La Rosa Action. *Parsons Steel,* 474 U.S. at 523; *Shimon,* 565 F.3d at 199. There are deemed admissions sufficient in the Pozner/De La Rosa petition that establish a willful and malicious injury caused to these plaintiffs. And summary judgment is granted as to these findings.

Jones is deemed to have admitted, among other things, the following well pleaded allegations:

- Jones and Free Speech (as "Defendants") acted with actual malice.[49]
- Defendants' "defamatory statements were knowingly false or made with reckless disregard for the truth…."[50]

---

[48] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 8 at 26, ECF No. 29-8.

[49] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 20, ECF No. 29-4.

[50] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 20, ECF No. 29-4.

- "The defamatory statements implicate the Plaintiffs in heinous criminal conduct."[51]
- "Defendants knew that their publication could cause Plaintiff to suffer harassment and potential violence."[52]
- "Defendants knew or should have known that their broadcasts on November 18, 2016, March 8, 2017, April 22, 2017, June 13, 2017, June 19, 2017, June 26, 2017, and October 26, 2017 would cause Plaintiffs severe emotional distress and cause them to be the subject of harassment, ridicule, and threats to their safety."[53]
- "Defendants made the statements in these broadcasts in bad faith and with malicious motives, knowing the statements were false or in reckless disregard for the truth." [54]
- "Defendants' conduct, as a whole, was outrageous and intolerable, going beyond all bounds of decency." [55]
- "No reasonable person could be expected to endure the emotional distress inflicted upon Plaintiffs."[56]
- "Plaintiffs are also entitled to exemplary damages because Defendants acted with malice."[57]

These deemed admissions constitute specific findings that Jones objectively and subjectively intended the consequences of his defamatory acts and intentional infliction of emotional distress against Pozner and De La Rosa, and that Jones's actions injured these Plaintiffs. Thus, these "debts" are excepted from discharge under § 523(a)(6).

---

[51] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 20, ECF No. 29-4.

[52] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 20, ECF No. 29-4.

[53] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 22, ECF No. 29-4.

[54] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 22, ECF No. 29-4.

[55] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 23, ECF No. 29-4.

[56] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 23, ECF No. 29-4.

[57] Decl. of Stuart R. Lombardi in Supp. of Pls. Heslin, Lewis, Pozner and De La Rosa's Mot. for Summ. J. Ex. 4 at 24, ECF No. 29-4. Plaintiffs also seek relief in excess of $1 million under Tex. R. Civ. P. 47. *Id.* at 100.

There was never a trial on damages in the Pozner/De La Rosa Action. So this case must proceed to trial about the amount of damages stemming from the deemed admitted willful and malicious injury Jones caused the Plaintiffs.[58] And again, this Court can handle the trial. Therefore, the summary judgment motion is granted as to the finding of willful and malicious injury about defamation and intentional infliction of emotional distress, but denied as to the amount of any damages.

## Conclusion

For the reasons stated above:

1. Summary judgment is granted on the Heslin defamation debt claim, consisting of $110,000 in compensatory damages and $4.2 million in exemplary damages, and any pre- and post-judgment interest awarded based on this claim.

2. Summary judgment is granted about Jones committing a willful and malicious injury to Heslin and Lewis based on the deemed admissions concerning the intentional infliction of emotional distress claim. But a trial must proceed to determine the amount of damages based on this willful and malicious injury.

3. Summary judgment is granted about Jones committing willful and malicious injuries to Pozner and De La Rosa based on the deemed admissions concerning the defamation and intentional infliction of emotional distress claims. A trial must proceed to determine the amount of damages based on these willful and malicious injuries.

4. Summary judgment is denied as to any other relief requested by Plaintiffs.

5. Any objection raised by Jones not specifically addressed above is denied.

Signed: October 19, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

---

[58] Again, the Court declines to consider Jones's arguments about the constitutionality of the judgments. The state court action was fully and litigated with Jones's participation and this Court will give full faith and credit to the state court default judgment orders and related jury awards. *Gober*, 100 F.3d at 1202–03.